******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# ELLEN MCFARLINE *v.* PATRICK W. MICKENS, JR., ADMINISTRATOR (ESTATE OF JANET MICKENS) (AC 39339)

Lavine, Keller and Bishop, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant administrator of the estate of M for injuries she sustained when she tripped and fell on a public sidewalk that was adjacent to property owned by M. She alleged that a dangerous, defective and unsafe condition existed, namely, a broken and cracked concrete sidewalk with grass growing wildly through the crack, and that the crack was concealed by the wildly growing grass, which hindered her ability to safely use the sidewalk. Under the common law, an abutting landowner is under no duty to keep a public sidewalk in front of his property in a reasonably safe condition, except where a municipality confers liability on the abutting landowner through a statute or ordinance, or where the defect or unsafe condition was created by a positive act of the abutting landowner. The defendant filed a motion for summary judgment, claiming that, under the facts as alleged by the plaintiff, M owed no duty to the plaintiff to maintain the sidewalk. Specifically, he claimed that the city of Meriden was bound to keep the sidewalk in repair pursuant to the municipal highway defect statute (§ 13a-149), and that the positive act exception to the general rule absolving landowners of liability for defective sidewalks did not apply because M did not create the unsafe condition on the public sidewalk. The trial court granted the defendant's motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Held*:

1. The trial court properly rendered summary judgment in favor of the defendant: the plaintiff's claim that issues of material fact remained that precluded the granting of the motion for summary judgment was unavailing, as a resolution of the issue of whether the plaintiff was injured because the wildly growing grass obstructed her view of the crack in the sidewalk was not material to the disposition of the motion for summary judgment because the defendant did not dispute that the plaintiff's injury was caused by the broken concrete sidewalk with grass growing through it; moreover, because municipalities have the primary duty to maintain public sidewalks in a reasonably safe condition and such liability cannot be shifted to the abutting landowner absent an express charter provision, statute, or ordinance, and the plaintiff had abandoned any claim before the trial court that a city ordinance concerning grass cutting had shifted liability to the abutting landowner, M owed no duty to the plaintiff to maintain the sidewalk absent evidence of a positive act that caused or contributed to the plaintiff's accident, and the pleadings and other documents filed in the summary judgment proceeding did not suggest that an affirmative act by M caused the grass to grow on the sidewalk.

2. The plaintiff could not prevail on her claim that the trial court, by citing in its memorandum of decision on the motion for summary judgment to its prior decision in an unrelated case, erroneously considered facts outside the record of this case and thereby violated her right to due process of law; although the court cited its prior decision in the unrelated case for the proposition that growing grass was not a positive act by the property owner because grass grows by itself, there was no indication that it considered the facts in that prior case in lieu of the facts presented by the parties, it was not improper for the court to look to the facts of that similar case for legal guidance in resolving the case before it, and the plaintiff's claim that her right to due process was violated because the court did not give her notice that it intended to rely on that prior case was frivolous and unavailing.

3. The trial court did not abuse its discretion by denying the plaintiff's motion to reargue the motion for summary judgment: although that court, in ruling on the motion for summary judgment, noted that the plaintiff had alleged an incorrect date of her fall in her complaint, the

court expressly stated that the incorrect date was not the subject of the defendant's motion for summary judgment, and did not render summary judgment on the basis of that erroneous date, and, therefore, reargument on the basis of the correct date of the plaintiff's fall would not have affected the court's judgment; moreover, to the extent that the plaintiff challenged the trial court's denial of her motion to amend her complaint to correct the date of the fall and other errors, the trial court never ruled on that motion and, by denying the motion to reargue, let the judgment in favor of the defendant stand, which eliminated any possible basis for granting the motion to amend.

Argued April 19—officially released October 10, 2017

*Procedural History*

Action to recover damages for the alleged negligence of the defendant's decedent, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Blue, J.*, granted the defendant's motion for summary judgment and rendered judgment thereon; thereafter, the court denied the plaintiff's motion for reconsideration, and the plaintiff appealed to this court. *Affirmed.*

*Richard M. Franchi*, for the appellant (plaintiff).

*Maciej A. Piatkowski*, for the appellee (defendant).

*Opinion*

KELLER, J. In this negligence action, the plaintiff, Ellen McFarline, appeals from the summary judgment rendered by the trial court in favor of the defendant, Patrick W. Mickens, Jr., administrator of the estate of Janet Mickens (Mickens). The plaintiff claims that the court, in granting the defendant's motion for summary judgment, erred by (1) failing to consider the pleadings, affidavits and other proof submitted in deciding that there is no genuine issue as to any material fact; (2) considering facts outside the confines of this case; (3) violating her right to due process of law by failing to allow her to review evidence from other cases that the court utilized in deciding the motion for summary judgment; (4) failing to apply the "test" set forth in *Sanzone* v. *Board of Police Commissioners*, 219 Conn. 179, 592 A.2d 912 (1991), when determining if there was a chain of causation that included the defendant's negligence in sequence with a highway defect; and (5) denying her postjudgment motions to amend her revised complaint and to reargue the motion for summary judgment.[1] We affirm the judgment of the court.

The facts underlying this action, which the plaintiff commenced on January 2, 2015, are neither complicated nor, for purposes of summary judgment, in dispute. The action arises out of injuries that the plaintiff sustained while she was walking on a public sidewalk in Meriden on May 14, 2013. The sidewalk was adjacent to premises owned by Mickens.[2] In her revised complaint of April 29, 2015, the plaintiff alleged that, "a dangerous, defective and unsafe condition existed on the aforementioned sidewalk . . . namely, a broken and cracked concrete sidewalk and adjacent curb with grass growing wildly through the crack and broken sections. . . . [The plaintiff] was walking on the aforementioned sidewalk when she came in contact with the defective, dangerous and unsafe condition, that being the broken and cracked concrete and a section of the broken concrete under her foot did break away from the curb causing her to slip and fall and causing her injuries and damages . . . ." The plaintiff alleged that the sidewalk "is used by the public to transgress over." The plaintiff alleged that she sustained physical injuries, principally to her right leg, that necessitated medical treatment and that interfered with her employment and normal life pursuits.

The plaintiff alleged that Mickens was negligent in that she "allowed and permitted the . . . [defect] to exist and remain . . . failed to repair and or remedy the . . . [defect] in a timely manner . . . allowed and permitted individuals to use the sidewalk although she knew or reasonably should have known of the presence of the . . . [defect] . . . failed to properly maintain the . . . premises including the sidewalk and curb . . . failed to inspect the premises including the side-

walks and curbs . . . failed to warn those upon said premises, including the plaintiff, of the presence of the aforementioned [defect] . . . failed to place devices, signs and or tape, so that as to make the [defect] visible and readily apparent to individuals . . . she failed to place devices, signs and or tape, so as to physically prevent individuals from using said sidewalk . . . failed to cut the grass on the sidewalk and/or remove any grass that was hiding defects on the sidewalk . . . [and] failed to have the curb properly constructed . . . pursuant to building ordinances in . . . Meriden.''

Following discovery, the defendant moved for summary judgment. In his memorandum of law in support of his motion, the defendant argued that he was entitled to judgment as a matter of law because, under the facts as alleged by the plaintiff, Mickens owed no duty to the plaintiff to maintain the sidewalk. The defendant asserted that ''Connecticut law is clear that an abutting landowner is not liable for the unsafe condition of an adjacent public sidewalk unless the unsafe condition is actually caused by the abutting landowner. See *Robinson* v. *Cianfarani* . . . 314 Conn. [521, 529, 107 A.3d 375 (2014)] . . . .'' The defendant observed that because the plaintiff did not assert in her complaint that Mickens caused the sidewalk defect by any ''positive actions,'' Mickens did not owe a duty to the plaintiff to repair or warn of the defect. The defendant further reasoned that to the extent that Meriden ordinances imposed responsibilities on abutting landowners to maintain sidewalks, in the absence of state statutory authority, such ordinances cannot be interpreted as having shifted liability from Meriden and onto the defendant.[3] Even if the city of Meriden could shift liability by ordinance, the defendant argued, those ordinances did not sufficiently express the intent to shift liability.

In her memorandum in support of her objection to the motion for summary judgment, the plaintiff argued that the defendant's motion for summary judgment addressed only one of the causes of the plaintiff's injuries, specifically, the crack in the sidewalk. She argued that grass growing on the sidewalk, as alleged, was not a defect under our municipal defective highway statute, General Statutes § 13a-149[4] and, therefore, it was ''the responsibility of the landowner to remove . . . [it] and to make the property safe for pedestrians . . . .'' The plaintiff argued § 180-42 of the Meriden City Code, which requires the abutting landowner to keep grass or weeds properly cut or removed in the area of the sidewalk, was controlling and that it shifted the burden of sidewalk maintenance to Mickens.[5] The plaintiff also asserted that there was a genuine issue of material fact as to whether the defendant's failure to remove the ''wildly growing grass'' on the sidewalk was a proximate cause of her injury.

The court agreed with the defendant and granted the

motion for summary judgment. The court reasoned that Mickens owed no duty to the plaintiff because "the positive act exception to the general rule absolving property owners of liability for defective sidewalks cannot be established in the case of growing grass, since grass grows by itself." The court also observed that the "Meriden grass-cutting ordinance [on which the plaintiff relied] . . . does not shift liability to the individual with the specificity required by *Willoughby* v. *New Haven*, 123 Conn. 446, 451, 197 A. 85 (1937), and [that, in any event, the plaintiff] . . . expressly abandoned her reliance on the ordinance at argument."

The plaintiff thereafter filed motions to amend her revised complaint and to reargue the motion for summary judgment, the contents of which we discuss in part III of this opinion. The court denied the motion to reargue. The record does not reflect that the court rendered a disposition on the motion to amend the revised complaint. This appeal followed. Additional facts will be provided as necessary.

I

We first address the plaintiff's related claims that the court erred in granting the defendant's motion for summary judgment (1) by failing to consider the pleadings, affidavits and other proof submitted in deciding that there was no genuine issue as to any material fact, and (2) by failing to apply the definition of a highway defect as set forth in *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 179, when determining whether there was a chain of causation that included the defendant's negligence in sequence with a highway defect. We disagree.

We observe the following principles relating to motions for summary judgment. Summary judgment shall be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. A fact is material when it will make a difference in the outcome of a case. *DiPietro* v. *Farmington Sports Arena, LLC*, 306 Conn. 107, 116, 49 A.3d 951 (2012). The party moving for summary judgment bears the burden of demonstrating the absence of any genuine issue of material fact. *Lopes* v. *Farmer*, 286 Conn. 384, 388, 944 A.2d 921 (2008). The trial court must view the evidence in the light most favorable to the nonmoving party. Id.

Appellate review of the trial court's decision to grant summary judgment is plenary. *Bozelko* v. *Papastavros*, 323 Conn. 275, 282, 147 A.3d 1023 (2016). "[W]e must [therefore] decide whether [the trial court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Mirjavadi* v. *Vakilzadeh*, 310 Conn.

176, 191, 74 A.3d 1278 (2013).

We dispose of each of these related claims as follows.

A

The plaintiff repeatedly asserts in a conclusory manner that, despite the court's judgment, two genuine issues of material fact remain. First, the plaintiff claims that there is a genuine issue of material fact with respect to whether the wildly growing grass that concealed the crack in the sidewalk hindered her ability to safely use the sidewalk and that, if it did not hinder her, the condition of the sidewalk did not meet the definition of a highway defect so as to confer liability exclusively on the city of Meriden. Whether the plaintiff was injured because the grass *obstructed* her view of the crack, or whether, for instance, the grass came into contact with her foot, causing her to slip and fall, however, is simply not material to a disposition of the motion for summary judgment in this case. See *DiPietro* v. *Farmington Sports Arena, LLC*, supra, 306 Conn. 116 (fact is material if it makes difference in outcome of case). In part I B of this opinion, we discuss why the issue is not material and is therefore not a barrier to granting summary judgment in the defendant's favor.

Second, the plaintiff asserts that a genuine issue of material fact exists with respect to whether the grass was a proximate cause of her alleged injuries. She argues that there is a genuine dispute as to whether "the wildly growing grass prevented the plaintiff from seeing the broken part of the sidewalk and this caused her to step on the broken sidewalk because she could not see it and it gave way causing her to fall." The defendant, however, for purposes of summary judgment, did not dispute that the plaintiff was injured after falling on the public sidewalk adjacent to Mickens' property, or that her fall was caused by "a broken and cracked concrete sidewalk and adjacent curb with grass growing wildly through the crack and broken sections."

Accordingly, the claim that the trial court failed to consider the pleadings and other proof submitted in determing that there were no genuine issues of fact is without merit.

B

The plaintiff next argues that the court erred as a matter of law by failing to apply the definition of a highway defect as set forth in *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 179. We disagree.

As previously mentioned, the defendant argued, and the trial court agreed, that, absent proof of a positive act by Mickens that caused or contributed to the plaintiff's fall, Mickens owed no duty to the plaintiff to maintain the sidewalk, specifically, by keeping it free of wildly growing grass. We agree.

"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." *RK Constructors, Inc.* v. *Fusco Corp.*, 231 Conn. 381, 384, 650 A.2d 153 (1994). Our analysis in this case begins and ends with the first element, duty. "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand. . . . Because the court's determination of whether the defendant owed a duty of care to the plaintiff is a question of law, our standard of review is plenary. . . . Our Supreme Court has stated that the test for the existence of a legal duty of care entails (1) a determination of whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result, and (2) a determination, on the basis of a public policy analysis, of whether the defendant's responsibility for its negligent conduct should extend to the particular consequences or particular plaintiff in the case. . . . The first part of the test invokes the question of foreseeability, and the second part invokes the question of policy." (Citations omitted; internal quotation marks omitted.) *Abramczyk* v. *Abbey*, 64 Conn. App. 442, 445, 780 A.2d 957, cert. denied, 258 Conn. 933, 785 A.2d 229 (2001).

It has long been established that municipalities have the primary duty to maintain public sidewalks in a reasonably safe condition. *Robinson* v. *Cianfarini*, supra, 314 Conn. 525. General Statutes § 13a-99 further provides in relevant part that "[t]owns shall, within their respective limits, build and repair all necessary highways and bridges except when such duty belongs to some particular person. . . . " When a sidewalk "along a public street in a city [has] been constructed and thrown open for public use, and used in connection with the rest of the street, [it] must, as a part of the street," be maintained by the city, and kept in such repair "as to be reasonably safe and convenient for . . . travelers . . . ." *Manchester* v. *Hartford*, 30 Conn. 118, 121 (1861). "[This] duty is by law imposed primarily upon the city, and to the city the public and individuals have a right to look for security against accidents, as well as for indemnity for injury occasioned by its neglect." Id.

This primary duty cannot ordinarily be delegated to or imposed upon a third party by contract or ordinance. "An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel." *Wilson* v. *New Haven*, 213 Conn. 277, 280, 567 A.2d 829 (1989). Abutting landowners, therefore, are generally not liable for injuries caused by defects on public sidewalks adjacent to their prop-

erty. See *Robinson* v. *Cianfarani*, supra, 314 Conn. 529. The common-law rule is that the abutting landowner is under no duty to keep a public sidewalk in front of his property in a reasonably safe condition for travel. Id. Moreover, shifting liability cannot be accomplished by inference or by alleging alternative theories of common-law negligence. Id., 528. There are two exceptions. First, municipalities, in limited circumstances, can confer liability onto the abutting landowner through a charter provision, statute, or ordinance.[6] Id. Second, landowners may be liable for injuries caused by defects they created by their own actions. Id. Specifically, our courts have long recognized "an exception to the general rule, in that the abutting landowners can be liable in negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by positive acts of the defendant." *Gambardella* v. *Kaoud*, 38 Conn. App. 355, 358–59, 660 A.2d 877 (1995). Examples of this exception include a landowner who maintained a gasoline pump inches away from a sidewalk which would spill gasoline onto the sidewalk, rendering it unsafe for travel; *Hanlon* v. *Waterbury*, 108 Conn. 197, 198–99, 142 A. 681 (1928); and a defendant who allowed grease from his restaurant to seep from the front of his building onto the public walk. *Perkins* v. *Weibel*, 132 Conn. 50, 51, 42 A.2d 360 (1945).

Therefore, without a statute that confers liability[7] or the creation by the abutting landowner of the cause of the injury to the plaintiff, the landowner owes no duty to members of the public traversing the public sidewalk. See *Wilson* v. *New Haven*, supra, 213 Conn. 280–81.

In her objection to the defendant's motion for summary judgment, the plaintiff did not attempt to argue that the defendant was liable to her on the basis of the cracked condition of the public sidewalk and curb. Instead, she maintained that, unlike the crack, the wildly growing grass that she alleges contributed to her injuries by concealing the crack is not a defect covered by the municipal highway defect statute, § 13a-149, because the grass, in and of itself, did not hinder her from walking on the sidewalk. She argued that abutting landowners, regardless of the lack of any ordinance or statute that shifted liability or proof of a positive act on the part of the landowner, are liable for "nonsidewalk defects."[8]

Similarly, on appeal, the plaintiff does not address the preceding authority regarding exceptions to the common-law rule that would shift liability for an unsafe public sidewalk from the municipality to an abutting property owner either by statute or ordinance or the positive act of the property owner. Rather, the plaintiff argues that because the grass did not constitute a "highway defect" under § 13a-149, as defined in S*anzone* v. *Board of Police Commissioners*, supra, 219 Conn. 179, the defendant is liable for the plaintiff's injury due to

Mickens' failure to remove the grass that concealed the crack in the sidewalk.

The plaintiff's argument is flawed. In *Sanzone*, the estate of a person injured in a motor vehicle accident sued a municipality, alleging that the accident was caused by the existence of simultaneous green traffic lights in perpendicular directions. Id., 181. The issue was whether the traffic light was a "highway defect" for the purpose of § 13a-149. Under § 13a-149,[9] municipalities can be held liable for injuries caused by highway defects on public roads. Our Supreme Court in *Sanzone* reiterated longstanding case law that a highway defect is defined as "[a]ny object in, upon, or near the traveled path, which would necessarily obstruct or hinder one in the use of the road for the purpose of traveling thereon, or which, from its nature and position, would be likely to produce that result . . . ." (Internal quotation marks omitted.) *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 202.

Even if we were to assume, arguendo, that the growing grass failed to meet the definition of a highway defect,[10] the outcome of this case would not be different. The main issue affecting summary judgment in this case is whether Mickens owed a duty to the plaintiff. *Sanzone* and §13a-149 address municipality liability; neither are pertinent to whether Mickens owed a duty to the plaintiff and they are therefore inapplicable to this case. The plaintiff has not identified any authority in support of the contention that when dangerous "nonsidewalk" defects or naturally occurring conditions not created by an abutting landowner are present on a public sidewalk, the abutting landowner has an affirmative duty to rectify such defects and is subject to liability to third parties for any injuries if he or she fails to do so.

Again, the controlling longstanding rule is that abutting landowners are not liable for injuries due to the lack of public sidewalk maintenance, unless there is a statute conferring liability or the landowner contributed to the creation of the accident-causing condition by positive act. See *Hartford* v. *Talcott*, 48 Conn. 525, 534 (1881) (landowner owes no duty to public for defects resulting wholly from operations of nature). The revised complaint does not allege, nor does the plaintiff claim, either that Mickens had possession of, or control over the sidewalk abutting her property. There also is no allegation in the plaintiff's revised complaint or in the documents she submitted in opposition to summary judgment that Mickens created the wildly growing grass on the sidewalk through any positive act.[11] Rather, it alleges that Mickens failed to take affirmative steps to remediate an existing condition on what was indisputably a public sidewalk. See *Robinson* v. *Cianfarani*, supra, 314 Conn. 528. As was noted previously in this opinion, the court observed that the plaintiff abandoned any claim that a Meriden ordinance had shifted liability

to the defendant. Whether the plaintiff sustained the injury because the clump of grass obstructed her view of the crack or the grass caused her to trip or slip; see part I A of this opinion; the fact remains that the pleadings and other documents do not remotely suggest that Mickens through any positive act caused the grass to grow on the sidewalk.[12] Grass is naturally occurring. As the court aptly noted, "grass grows by itself."

Therefore, the plaintiff's alternative theory of common-law liability based on the Mickens' negligence for "nonsidewalk" defects is governed by the settled common-law rule that, in the absence of statute or ordinance, an abutting landowner ordinarily is under no duty to keep the public sidewalk in front of her property in a reasonably safe condition for travel. Accordingly there is no basis to impose liability on the defendant.

## II

We next consider the plaintiff's related claims that in granting summary judgment, the court erroneously considered facts outside the confines of this case and in so doing, violated the plaintiff's right to due process of law by failing to allow her to review evidence from other cases that the court utilized in deciding the motion for summary judgment. The plaintiff claims that the court, by citing to its prior decision in *Marino* v. *Branford*, Superior Court, judicial district of New Haven, Docket No. 431477 (Oct. 12, 2000) (28 Conn. L. Rptr. 297), in its memorandum of decision on the motion for summary judgment, relied on facts outside the record and violated the plaintiff's rights. These claims are entirely without merit.

In *Marino*, the injured party fell when she stepped on a sidewalk defect that was concealed by weeds and grass. Id., 297. The court determined that the abutting landowner was not liable, however, because grass grows naturally and, thus, the condition at issue was not created by a positive act. Id., 298. In its memorandum of decision, the court in the present case reasoned: "For the reasons set forth in [*Marino*] . . . the objection to the motion for summary judgment must be overruled. As explained in *Marino*, 'the positive act exception to the general rule absolving abutting property owners of liability for defective sidewalks cannot be established' in the case of growing grass, since grass grows by itself. . . . The operative facts of *Marino* cannot be distinguished from the operative facts of this case, and, despite frequent entreaties by the court at argument, [the plaintiff] was unable to articulate any such distinction."

There is no indication that the court considered the facts in *Marino* in lieu of the facts presented by the parties at summary judgment. A court may look to an opinion from a factually similar case, or any reported case, in fact, even if such case is nonbinding, for legal

guidance in resolving the case before it. Cf. *Turner* v. *Frowein*, 253 Conn. 312, 341, 752 A.2d 955 (2000). The court here merely applied the "[r]easons set forth in *Marino*" because of the plaintiff's inability to distinguish "[t]he operative facts *Marino*" from the "operative facts of this case." In any event, for the reasons provided in parts I A and I B of this opinion, we conclude under a plenary standard of review that the defendant was entitled to judgment as a matter of law.

The plaintiff's due process claim merits little discussion. Whether a party was deprived of his due process rights is a question of law to which appellate courts grant plenary review. *Gagne* v. *Vaccaro*, 154 Conn. App. 656, 671, 109 A.3d 500 (2015). The core interests protected by procedural due process concern the opportunity to be heard at a meaningful time and in a meaningful manner. *Jones* v. *Connecticut Medical Examining Board*, 309 Conn. 727, 736, 72 A.3d 1034 (2013). The plaintiff does not assert rights of this nature. Instead, the plaintiff argues that the court did not provide notice that it would cite to the *Marino* decision. The argument is wholly frivolous, and we further note that the defendant cited to *Marino* in his motion for summary judgment.

For all of the foregoing reasons, we conclude that the court did not err in granting the defendant's motion for summary judgment.

### III

The plaintiff's final claim is that the court erred by denying the plaintiff's postjudgment motions to amend her revised complaint and to reargue the motion for summary judgment. We disagree.

We note the following additional facts relevant to this claim. The plaintiff's revised complaint alleges that she fell on May 14, 2014, and it refers to the defendant's decedent as *Janice* Mickens, rather than *Janet* Mickens. Through discovery, however, it was determined that the incident had in fact occurred on May 14, *2013*. It is undisputed that Mickens died on January 4, 2014. The plaintiff did not correct these errors in her revised complaint prior to the granting of summary judgment. In its memorandum of decision granting summary judgment, the court observed that the plaintiff incorrectly referred to *Janice* Mickens and that Mickens had been dead for over four months at the time of the incident in question, thus leaving "the identity of the person actually responsible for the condition complained of . . . in considerable doubt." The court, however, acknowledged the incorrect date was "not the subject of the defendant's motion for summary judgment."

After the court granted summary judgment, the plaintiff filed the two motions previously identified. The plaintiff sought to amend her revised complaint to fix the error as to the date of the incident and sought to

reargue the motion for summary judgment because she argues the court rendered its decision "based upon [the] . . . erroneous facts" her amendment sought to cure. The court summarily denied the motion to reargue. The record does not indicate that the court ruled on the motion to amend.

As she did before the trial court, the plaintiff argues that the court looked to incorrect details when deciding whether to grant summary judgment for the defendant. Therefore, the plaintiff argues that the record should be modified to allow for a "proper decision upon the facts."

"[T]he purpose of a reargument is . . . to demonstrate to the court that there is some decision or some principle of law which would have a controlling effect, and which has been overlooked, or that there has been a misapprehension of facts. . . . It also may be used to address alleged inconsistencies in the trial court's memorandum of decision as well as claims of law that the [movant] claimed were not addressed by the court." (Citation omitted; internal quotation marks omitted.) *Opuku* v. *Grant*, 63 Conn. App. 686, 692, 778 A.2d 981 (2001). It is not meant for a second bite at the apple. Id. Denial of the motion to reargue is within the discretion of the trial court, and an appellate court applies abuse of discretion review. *Weiss* v. *Smulders*, 313 Conn. 227, 261, 96 A.3d 1175 (2014). The trial court's decision is affirmed if there is a reasonable basis for its conclusions. *Biro* v. *Hill*, 231 Conn. 462, 465, 650 A.2d 541 (1994).

In ruling on the motion for summary judgment, the court merely acknowledged the confusion created by the incorrect date alleged in the complaint. The court expressly stated that the incorrect date was "not the subject of the defendant's motion for summary judgment." The principal issue on summary judgment was whether the owner of the property adjacent to the sidewalk in question owed the plaintiff a duty to maintain the sidewalk. The court concluded that the abutting landowner at the time of the plaintiff's accident, whether it was Mickens or her estate, could not be held liable. We are not persuaded that reargument based on the correct date of the plaintiff's fall, as argued, would have affected the court's judgment. Whether Mickens or her estate was the abutting landowner at the time of the incident in question was irrelevant to the court's analysis. For the foregoing reasons, the court did not abuse its discretion in denying the plaintiff's motion to reargue.

To the extent that the plaintiff challenges the court's denial of her motion to amend, we observe that "[w]e cannot pass on the correctness of a trial court ruling that was never made." *Fischel* v. *TKPK, Ltd.*, 34 Conn. App. 22, 26, 640 A.2d 125 (1994). Additionally, we observe that, having denied the motion to reargue, the

court let the judgment in favor of the defendant stand and, thus, eliminated any possible basis for granting the motion to amend.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] As several of the plaintiff's claims are interrelated, we address the plaintiff's first and fourth claims in part I of this opinion, the second and third claims in part II, and the fifth claim in part III.

[2] Mickens died on January 4, 2014. On March 15, 2014, the defendant became the administrator of her estate.

[3] Section 180-42 of the Meriden City Code provides: "Whenever a sidewalk has been laid in the city, the occupant or, if there is no occupant, the owner of any premises abutting upon such sidewalk shall keep the grass or weeds properly cut or removed in the area between the property line of such premises and the curbline."

Section 180-41 of the Meriden City Code provides in relevant part:

"A. After having been notified by the department of public works so to do, it shall be unlawful for any person not to properly repair any portion of a sidewalk adjoining his property within the time specified in such a notice.

"B. Upon the default or neglect of any person to comply with such notice . . . the department may construct or repair such sidewalk, and the expense thereof shall be chargeable to the person whose duty it was to repair said sidewalk and shall be collectible by the city in the same manner that other debts due the city are collected, and said expense shall be a lien upon the premises adjoining such sidewalk. . . ."

[4] General Statutes § 13a-149 provides in relevant part: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation."

[5] In its memorandum of decision, however, the court noted that the defendant at oral argument, "expressly abandoned" her claim that Meriden Ordinance § 180-42, requiring abutting landowners to cut or remove grass or weeds from public sidewalks, effectively shifted liability to the landowner.

[6] Our legislature has enacted enabling legislation to permit municipalities to promulgate rules and regulations concerning sidewalks encompassed within municipal highway rights of way. Municipalities may require property owners to remove debris and other obstructions from abutting sidewalks. See General Statutes § 7-148 (c) (6) (C) (v). Pursuant to § 7-148, municipalities also may levy penalties against abutting landowners for their failure to remove such debris and obstructions. Id. Accordingly, the city of Meriden requires property owners to keep grass or weeds properly cut or removed in the area between the property line of the landowner's premises and the curbline. Meriden City Code § 180-42. But there is no language in this ordinance or in any statute that imposes upon the abutting property owner any liability to a third party for his injuries. Under General Statutes § 7-163a, municipalities may transfer to abutting property owners liability solely for injuries caused by ice and snow on public sidewalks. Section 7-148 is the only other source under which a municipality may delegate duties to abutting landowners with respect to sidewalks. Although § 7-148 authorizes municipalities to require abutting property owners to remove debris and other obstructions from public sidewalks, unlike § 7-163a, it does not authorize a municipality to shift liability for injuries to adjacent landowners. See *Dreher* v. *Joseph*, 60 Conn. App. 257, 261, 759 A.2d 114 (2000) (general rule of construction that even where ordinance imposes on property owners duty normally performed by municipality, there is no private cause of action unless plainly expressed in ordinance).

[7] As noted previously, during the hearing on the motion for summary judgment, the plaintiff abandoned any claim that § 180-42 of the Meriden City Code conferred liability on Mickens or her estate.

[8] It appears that, by using this terminology, the plaintiff may be referring to nonstructural sidewalk defects, which would exclude a lot of other conditions on or adjacent to public sidewalks that may constitute highway defects under § 13a-149, including ice and snow; *Bellman* v. *West Hartford*, 96 Conn.

App. 387, 900 A.2d 82 (2006); loose gravel; *Hickey* v. *Newtown*, 150 Conn. 514, 517, 192 A.2d 199 (1963); defects such as holes in the traveled right of way that are not part of the actual concrete sidewalk; *Angelillo* v. *Meriden*, 136 Conn. 553, 555–56, 72 A.2d 654 (1950); and intrusive tree limbs; *Comba* v. *Ridgefield*, 177 Conn. 268, 270, 413 A.2d 859 (1979).

[9] General Statutes § 13a-149 provides: "Any person injured in person or property by means of a defective road or bridge may recover damages from the party bound to keep it in repair. . . . No action for any such injury shall be maintained against any town, city, corporation or borough, unless written notice of such injury and a general description of the same, and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given to a selectman or the clerk of such town, or to the clerk of such city or borough, or to the secretary or treasurer of such corporation."

[10] We do not necessarily agree with the plaintiff that grass growing over the crack in the public sidewalk was not a part of her description in her revised complaint of the defective, dangerous and unsafe *condition* on the sidewalk alleged to have caused her slip and fall. "Whether a highway is defective may involve issues of fact, but whether the facts alleged would, if true, amount to a highway defect according to the statute is a question of law . . . ." *Sanzone* v. *Board of Police Commissioners*, supra, 219 Conn. 201. "If in the use of the traveled portion of the highway . . . a condition exists which makes travel not reasonably safe for the public, the highway is defective." (Internal quotation marks omitted.) *Ferreira* v. *Pringle*, 255 Conn. 330, 344, 766 A.2d 400 (2001). As the plaintiff alleged in her affidavit accompanying her objection to the motion for summary judgment, the "wildly growing grass" contributed to the defective nature of the sidewalk because she averred that she "could not see the crack when I stepped on it because it was hidden by the grass." Since the grass was obstructing her ability to see the crack, the grass, by its nature and position, was as much a hindrance to her safe travel on the sidewalk as the crack beneath it. Photographs submitted by the plaintiff as exhibits accompanying her objection might have indicated to a trier of fact that if the grass had not been concealing the crack, the plaintiff might have seen it and been able to avoid the accident. See *Parker* v. *Hartford*, 122 Conn. 500, 503–504, 190 A. 866 (1937) (town liable under defective highway statute for foot-deep gulley partially concealed by grass in public street.)

[11] In fact, the allegation that the grass was "wildly growing" would be contrary to any claim that Mickens placed seeds or grass over the cracked area of the sidewalk.

[12] Compare the present matter with *Gambardella* v. *Kaoud*, supra, 38 Conn. App. 359, in which the plaintiffs won reversal of summary judgment in favor of abutting landowners in a defective sidewalk case not because sand, sticks and debris had naturally accumulated on the sidewalk, but because the plaintiffs had alleged that the defendants caused the condition by a positive act.