******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# CYNTHIA CYR *v.* VKB, LLC, ET AL.
## (AC 41818)

DiPentima, C. J., and Prescott and Moll, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant property owners for injuries she sustained when she tripped on a public sidewalk that abutted the defendants' property. The plaintiff alleged that an approximately one and one-half inch lip between two segments of the sidewalk constituted a defective condition in the sidewalk. Under the common law, a landowner whose property abuts a public sidewalk is under no duty to keep the sidewalk in front of the property in a reasonably safe condition, except when a municipality confers liability on the abutting landowner through a statute or ordinance, or where the defect was created by a positive act of the landowner. The defendants filed a motion for summary judgment, claiming, inter alia, that under the facts alleged by the plaintiff, they owed no duty to the plaintiff to maintain the sidewalk. The defendants claimed that the applicable city ordinance (§ 21-37) shifted only the duty of repairing an abutting sidewalk from the municipality to an abutting landowner but did not shift liability for injuries resulting from an unsafe condition on the sidewalk. The defendants further asserted that the positive act exception to the general rule absolving landowners of liability for defective sidewalks did not apply because they did not create the unsafe condition on the public sidewalk. The trial court granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Held*:

1. The trial court properly rendered summary judgment for the defendants as to counts one and two of the plaintiff's complaint, which alleged that the defendants violated § 21-37, the plaintiff's appellate counsel having conceded to this court that § 21-37 did not shift liability to the defendants and did not play any role in her appeal.

2. The trial court properly rendered summary judgment in favor of the defendants as to counts four and five of the complaint, which alleged that the defect in the sidewalk developed as a result of the settling of one adjacent segment of the sidewalk: there was no allegation in those counts that any positive act on the part of the defendants caused the settling of the sidewalk segment, as the allegation suggested that the alleged settling resulted from nature and the passage of time, which was insufficient as a matter of law to impose a duty on an abutting landowner, and, thus, the allegations of counts four and five were insufficient as a matter of law to hold the defendants liable for the plaintiff's injuries; moreover, the plaintiff's claim that the defendants owed a duty of care on the theory that a business owner that invites the public to enter and exit its property at a particular location owes a duty to ensure that the location is reasonably safe was unavailing, as the case law relied on by the plaintiff in support of that claim was inapposite in that it did not involve a public sidewalk and, therefore, did not create an additional exception to the general common-law rule.

3. The trial court improperly granted the defendants' motion for summary judgment as to counts three, six and seven of the plaintiff's complaint, which alleged that the defendants had constructed a sidewalk on their property with a resulting approximately one and one-half inch lip between the sidewalk segments and the sidewalk on the adjoining property, as those counts alleged a legally cognizable basis for liability in that they alleged that the defendants constructed the sidewalk with the alleged defect: to prevail on their motion for summary judgment, the defendants bore the initial burden to negate the factual claims as framed by the complaint, and, thus, with respect to counts three, six and seven, it was incumbent on those defendants to whom such counts were directed to proffer evidence that either they did not construct the sidewalk or that they constructed the sidewalk without the alleged defect, and because the defendants did not submit any supporting affidavits or documentary evidence, they failed to satisfy their initial burden as

movants for summary judgment with respect to those counts; moreover, the fact that the defendants submitted evidentiary materials with their reply brief did not cure their failure to proffer evidence with their initial motion because the reply materials did not establish the nonexistence of a genuine issue of material fact.

Argued April 11—officially released December 17, 2019

*Proceedings*

Action to recover damages for, inter alia, the defendants' alleged negligence, and for other relief, brought to the Superior Court in judicial district of Hartford, where the court, *Shapiro*, *J.*, granted the plaintiff's motion to cite in Vernon W. Belanger et al. as defendants; thereafter, the court granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Reversed in part*; *further proceedings*.

*Frank C. Bartlett, Jr.*, for the appellant (plaintiff).

*Christopher P. Kriesen*, with whom was *Ronald J. Houde, Jr.*, for the appellees (defendants).

*Opinion*

MOLL, J. The plaintiff, Cynthia Cyr, appeals from the summary judgment rendered by the trial court in favor of the defendants, VKB, LLC (VKB), Shady Oaks Assisted Living, LLC (Shady Oaks Assisted Living), Shady Oaks Rest Home, Inc. (Shady Oaks Rest Home), Vernon W. Belanger, and Kay F. Belanger. On appeal, the plaintiff claims that the court improperly rendered summary judgment in favor of the defendants on all counts of her amended complaint when it (1) failed to require the defendants, as the movants for summary judgment, first to establish that there was no genuine issue as to any material fact, (2) determined that the defendants' alleged affirmative acts did not create the defect in the sidewalk, and (3) purportedly determined, as a matter of law, that a business owner that invites individuals to enter and exit its property at a particular location owes no duty to ensure that such location is reasonably safe. We affirm in part and reverse in part the judgment of the trial court.

The following procedural history is relevant to our analysis of the plaintiff's claims. On November 29, 2016, the plaintiff commenced this action, sounding in negligence and negligence per se, against the original defendants, VKB, Shady Oaks Assisted Living, and Shady Oaks Rest Home. On February 2, 2017, the original defendants filed an answer and special defenses in response to the plaintiff's original complaint. On February 6, 2017, the original defendants filed a request for leave to amend their answer and special defenses and appended the proposed amendment, which was deemed to have been filed by consent, absent objection. On February 10, 2017, the plaintiff filed a reply.[1] On December 29, 2017, the plaintiff filed a motion to cite in additional defendants, Vernon W. Belanger and Kay F. Belanger, and to amend the complaint, which was granted by the court on January 17, 2018.

On January 31, 2018, the plaintiff filed her amended complaint and alleged, inter alia, the following. At all relevant times, the defendants owned, and/or were in the possession and control of, real property located at 344 Stevens Street in Bristol (property). On May 28, 2015, at approximately 10:15 a.m., the plaintiff was walking on the sidewalk abutting the property, when she tripped on an approximately one and one-half inch lip between two sidewalk segments (defect) and fell, sustaining physical injuries, principally to her left hand, which necessitated medical treatment and interfered with her employment and enjoyment of life's activities. The parties do not dispute that the sidewalk at issue is a public sidewalk.

On the basis of the foregoing factual allegations, the plaintiff asserted the following claims: (1) negligence as to VKB (count one); (2) negligence per se as to VKB

(count two); (3) nuisance as to VKB (count three); (4) negligence as to Shady Oaks Assisted Living (count four); (5) negligence as to Shady Oaks Rest Home (count five); (6) nuisance as to Vernon W. Belanger (count six); and (7) nuisance as to Kay F. Belanger (count seven). The plaintiff alleged alternative theories as to how the alleged defect in the sidewalk was created. On the one hand, in counts one and two (directed to VKB), count four (directed to Shady Oaks Assisted Living), and count five (directed to Shady Oaks Rest Home), the plaintiff alleged that the defect "developed as a result of the settling of one adjacent segment." On the other hand, in count three (directed to VKB), count six (directed to Vernon W. Belanger), and count seven (directed to Kay F. Belanger), the plaintiff alleged, respectively, that VKB, or its predecessor(s) in interest, Vernon W. Belanger, and/or Kay F. Belanger, through one or more of their agents, servants, and/or employees, constructed the sidewalk with the resulting defect. In each of the respective counts, the plaintiff alleged that the defendants were responsible for keeping the abutting sidewalk in a safe condition for the use of the public.

The defendants did not move to strike any of the plaintiff's claims. On March 12, 2018, however, the defendants filed an amended motion for summary judgment (motion), and a supporting memorandum of law, as to all counts of the plaintiff's amended complaint. The motion was not accompanied by any supporting affidavits or documentary evidence. The defendants argued that they were entitled to judgment as a matter of law because (1) Bristol Code of Ordinances § 21-37[2] (city ordinance) shifts only the duty of repairing an abutting sidewalk from the municipality to an abutting landowner and does not shift liability for injuries resulting from an unsafe condition of the sidewalk, (2) there is no common-law duty owed by abutting landowners to the public for sidewalk defects, and (3) there is no evidence, and the plaintiff cannot prove, that the defendants created the alleged defect so as to fall within an exception to the general rule that liability remains with the municipality in cases involving public sidewalk defects.

On April 19, 2018, the plaintiff filed an objection and a memorandum of law in opposition to the motion, as well as the affidavit of Frank C. Bartlett, Jr., Esq., and several exhibits. On May 7, 2018, the defendants filed a reply memorandum of law, as well as the affidavit of Ronald J. Houde, Jr., Esq., and several exhibits. That same day, the court held a hearing on the motion. On June 15, 2018, the court granted the defendants' motion, rendering summary judgment in favor of the defendants on all counts.

The trial court's memorandum of decision reflects the following analysis. Having reviewed the general

principles regarding the liability of abutting landowners for injuries sustained on a defective public sidewalk, the court first concluded that, although the city ordinance imposes a duty on the defendants to maintain the sidewalk, it does not shift liability from the municipality to the defendants for the plaintiff's fall. The court then addressed the plaintiff's argument that there existed a genuine issue of material fact as to whether the defendants caused the sidewalk defect by performing a positive act. Specifically, the court stated that "[t]he plaintiff does not allege, and has not presented evidence to show, that the sidewalk was constructed or repaired deficiently . . . ." The court went on to reject the plaintiff's additional arguments, namely, that the defendants owed her a duty of care by (1) voluntarily undertaking to inspect the sidewalks and (2) incurring a higher duty of care to the plaintiff as a business invitee. Thereupon, the court entered judgment in favor of the defendants as to all counts. This appeal followed. Additional facts and procedural history will be provided as necessary.

Before we turn to the plaintiff's claims on appeal, we briefly discuss the standard of review and applicable legal principles. The standard governing our review of a trial court's decision to grant a motion for summary judgment is well established. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. A party moving for summary judgment is held to a strict standard. . . . To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Emphasis omitted; internal quotation marks omitted.) *Capasso* v. *Christmann*, 163 Conn. App. 248, 257, 135 A.3d 733 (2016).

We next review the substantive law governing liability for injuries resulting from a defective condition on a

public sidewalk. "It has long been established that municipalities have the primary duty to maintain public sidewalks in a reasonably safe condition. *Robinson* v. *Cianfarani*, [314 Conn. 521, 525, 107 A.3d 375 (2014)]. General Statutes § 13a-99 further provides in relevant part that '[t]owns shall, within their respective limits, build and repair all necessary highways and bridges . . . except when such duty belongs to some particular person. . . .' When a sidewalk 'along a public street in a city [has] been constructed and thrown open for public use, and used in connection with the rest of the street, [it] must, as a part of the street,' be maintained by the city, and kept in such repair 'as to be reasonably safe and convenient for . . . travelers . . . .' *Manchester* v. *Hartford*, 30 Conn. 118, 121 (1861). '[This] duty is by law imposed primarily upon the city, and to the city the public and individuals have a right to look for security against accidents, as well as for indemnity for injury occasioned by its neglect.' Id.

"This primary duty cannot ordinarily be delegated to or imposed upon a third party by contract or ordinance. 'An abutting landowner, in the absence of statute or ordinance, ordinarily is under no duty to keep the public sidewalk in front of his property in a reasonably safe condition for travel.' *Wilson* v. *New Haven*, 213 Conn. 277, 280, 567 A.2d 829 (1989). Abutting landowners, therefore, are generally not liable for injuries caused by defects on public sidewalks adjacent to their property. See *Robinson* v. *Cianfarani*, supra, 314 Conn. 529. The common-law rule is that the abutting landowner is under no duty to keep a public sidewalk in front of his property in a reasonably safe condition for travel. Id. Moreover, shifting liability cannot be accomplished by inference or by alleging alternative theories of common-law negligence. Id., 528. There are two exceptions. First, municipalities, in limited circumstances, can confer liability onto the abutting landowner through a charter provision, statute, or ordinance. Id. Second, landowners may be liable for injuries caused by defects they created by their own actions. Id. . . .

"Therefore, without a statute that confers liability or the creation by the abutting landowner of the cause of the injury to the plaintiff, the landowner owes no duty to members of the public traversing the public sidewalk. See *Wilson* v. *New Haven*, supra, 213 Conn. 280–81." (Citations omitted; footnotes omitted.) *McFarline* v. *Mickens*, 177 Conn. App. 83, 93–95, 173 A.3d 417 (2017), cert. denied, 327 Conn. 997, 176 A.3d 557 (2018).

I

We first consider the foregoing principles with respect to counts one and two of the amended complaint (i.e., the plaintiff's claims of negligence and negligence per se as to VKB). In the allegations made in support of such claims, the plaintiff exclusively relied on the city ordinance as creating a duty on the part of

VKB to inspect, maintain, and/or repair the abutting sidewalk, and to warn individuals, including the plaintiff, of the allegedly defective condition of the sidewalk. During oral argument before this court, and having stated in the plaintiff's principal appellate brief that "the plaintiff is not claiming that [the city ordinance], in and of itself, shifts liability to an abutting landowner," the plaintiff's counsel expressly acknowledged that the city ordinance does not play any role in the plaintiff's appeal and conceded that summary judgment properly entered in favor of VKB on count two. Count one necessarily suffers the same fate, however, as the plaintiff's theory of negligence alleged therein also is based exclusively on VKB's alleged violation of the city ordinance.[3] See *Robinson* v. *Cianfarani*, supra, 314 Conn. 528 (holding that town ordinance that imposed duty on abutting landowner to remediate hazardous conditions created by accumulation of snow and ice on public sidewalk but did not shift civil liability to that landowner for failure to do so could not be used to support alternative negligence theories). Accordingly, the plaintiff's challenge to the trial court's rendering of summary judgment in favor of VKB as to counts one and two is deemed abandoned, and the judgment as to counts one and two is affirmed on that basis.

II

We turn next, in the context of the remaining counts, which do not rely on the city ordinance, to the applicability of the second exception to the general rule. "[O]ur courts have long recognized '[the second] exception to the general rule, in that abutting property owners can be held liable in negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by *positive acts of the defendant*.' *Gambardella* v. *Kaoud*, 38 Conn. App. 355, 358, 660 A.2d 877 (1995). Examples of this exception include a landowner who maintained a gasoline pump inches away from a sidewalk which would spill gasoline onto the sidewalk, rendering it unsafe for travel; *Hanlon* v. *Waterbury*, 108 Conn. 197, 198–99, 142 A. 681 (1928); and a defendant who allowed grease from his restaurant to seep from the front of his building onto the public walk. *Perkins* v. *Weibel*, 132 Conn. 50, 51, 42 A.2d 360 (1945)." (Emphasis added.) *McFarline* v. *Mickens*, supra, 177 Conn. App. 94–95.

Other examples include a landowner and its lessee that allowed ice to form on a public sidewalk as a result of the melting of snow that had accumulated on projections from the defendants' building; *Calway* v. *William Schaal & Son, Inc.*, 113 Conn. 586, 588–90, 155 A. 813 (1931); and landowners and their lessee that allegedly caused sand, sticks, and debris to accumulate on a public sidewalk; *Gambardella* v. *Kaoud*, supra, 38 Conn. App. 359; accord *Wilson* v. *New Haven*, supra, 213 Conn. 280–81 (abutting landowner not liable for

injuries sustained as result of fall caused by raised, broken, and uneven section of public sidewalk where plaintiff did not claim that statute or ordinance created duty owed to plaintiff by abutting landowner and where abutting landowner did not create hazardous condition); *Abramczyk* v. *Abbey*, 64 Conn. App. 442, 446–47, 780 A.2d 957 (analogizing case, which involved public right-of-way located on defendant's property, to public sidewalk cases and concluding that, in absence of any evidence that defendant's positive acts caused city's water pipe to be tripping hazard, defendant was not liable for injuries caused by exposed pipe), cert. denied, 258 Conn. 933, 785 A.2d 229 (2001).

Moreover, an abutting landowner owes no duty to the public to take affirmative steps to remediate a defect on a public sidewalk resulting entirely from the operation of nature. See *Hartford* v. *Talcott*, 48 Conn. 525, 534 (1881) (there is not imposed "upon the individual any liability at common law for injuries resulting from obstructions in [a public sidewalk] wholly the effects of natural causes"); *McFarline* v. *Mickens*, supra, 177 Conn. App. 97–98 (landowner owed no duty to public in connection with naturally growing grass on public sidewalk).

Mindful of the foregoing principles, we address separately (1) those counts in which the plaintiff alleged that the defect in the sidewalk "developed as a result of the settling of one adjacent segment" and (2) those counts in which the plaintiff alleged that the relevant defendant "constructed a sidewalk on the property with a resulting approximately 1 1/2" lip between the sidewalk segments it installed and the sidewalk on the adjoining property."

A

We begin with counts four and five, directed to Shady Oaks Assisted Living and Shady Oaks Rest Home, respectively, in which the plaintiff alleged that the defect in the sidewalk "developed as a result of the settling of one adjacent segment." As stated previously in this opinion, in construing the plaintiff's claims, the court concluded in part that "[t]he plaintiff [did] not allege . . . that the sidewalk was constructed or repaired deficiently . . . ." Insofar as counts four and five are concerned, we agree. There is no allegation in counts four and five that any positive act on the part of these defendants caused the settling of the sidewalk segment. Rather, the allegation that the defect in the sidewalk "developed as a result of the settling of one adjacent segment" suggests only that the alleged settling resulted from nature and the passage of time, which is insufficient as a matter of law to impose a duty on an abutting landowner. See *Hartford* v. *Talcott*, supra, 48 Conn. 534; *McFarline* v. *Mickens*, supra, 177 Conn. App. 97–98.

In short, it is clear on the face of these counts that they are legally insufficient.[4] They fail to state a legally cognizable basis on which to hold Shady Oaks Assisted Living and/or Shady Oaks Rest Home liable for injuries on the abutting public sidewalk. Thus, in the absence of (1) a charter provision, statute, or ordinance that confers liability, or (2) any allegations in counts four and five, that Shady Oaks Assisted Living and Shady Oaks Rest Home, respectively, *created* a defective condition on the public sidewalk, the settled common-law rule governs. See *Robinson* v. *Cianfarani*, supra, 314 Conn. 528–29, 528 n.7.

Notwithstanding the well settled principles explained previously in this opinion, the plaintiff claims that the defendants owed her a duty of care on the theory that a business owner that invites the public to enter and exit its property at a particular location owes a duty to ensure that the location is reasonably safe. In support of this claim, the plaintiff largely relies on *Ford* v. *Hotel & Restaurant Employees & Bartenders Union*, 155 Conn. 24, 32–36, 229 A.2d 346 (1967), in which our Supreme Court affirmed the judgment of the trial court holding the defendant lessor liable in negligence for injuries sustained by a business invitee as he exited the lessor's premises. The trial court in the present case concluded, and we agree, that *Ford* is inapposite because, at a minimum, it did not involve a public sidewalk and, therefore, did not create an additional exception to the general common-law rule discussed previously in this opinion.

On the basis of the foregoing, we affirm the trial court's rendering of summary judgment in favor of Shady Oaks Assisted Living and Shady Oaks Rest Home as to counts four and five, respectively.

B

We continue our analysis with counts three, six, and seven, in which the plaintiff alleged that VKB, Vernon W. Belanger, and Kay F. Belanger, respectively, "constructed a sidewalk on the property with a resulting approximately 1 1/2'' lip between the sidewalk segments it installed and the sidewalk on the adjoining property." With respect to these allegations, we disagree with the trial court's statement that "[t]he plaintiff [did] not allege . . . that the sidewalk was constructed or repaired deficiently . . . ." These allegations were sufficient to bring the plaintiff's claims in counts three, six, and seven within the second exception to the common-law rule, namely, that an abutting landowner can be liable in negligence or public nuisance for injuries resulting from an unsafe condition of a public sidewalk caused by a positive act of the defendant. That is, the allegations of these counts may be reasonably viewed as alleging that VKB, Vernon W. Belanger, and Kay F. Belanger, respectively, constructed the sidewalk with

the alleged defect (i.e., that the alleged defect resulted from the construction of the sidewalk).

In light of our conclusion that counts three, six, and seven sufficiently allege a legally cognizable basis for liability, we proceed to address the plaintiff's claim that the trial court erred in failing to require the defendants to satisfy their initial burden, as the movants for summary judgment, to establish the nonexistence of any genuine issue of material fact. As stated previously in this opinion, in support of their amended motion for summary judgment, the defendants did not submit any supporting affidavits or documentary evidence. The plaintiff argues that, in light of this failure, the trial court improperly shifted the burden of proof to her when it concluded that "[t]he plaintiff . . . has not presented evidence to show . . . that the sidewalk was constructed or repaired deficiently . . . ." We agree.

Practice Book § 17-45 (a) provides: "A motion for summary judgment *shall be supported by* appropriate documents, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and other supporting documents." (Emphasis added.) "On a motion by [the] defendant for summary judgment the burden is on [the] defendant to negate each claim as framed by the complaint . . . . It necessarily follows that it is only [o]nce [the] defendant's burden in establishing his entitlement to summary judgment is met [that] the burden shifts to [the] plaintiff to show that a genuine issue of fact exists justifying a trial. . . . Accordingly, [w]hen documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue." (Internal quotation marks omitted.) *Mott* v. *Wal-Mart Stores East, LP*, 139 Conn. App. 618, 626–27, 57 A.3d 391 (2012); see also *Romprey* v. *Safeco Ins. Co. of America*, 310 Conn. 304, 320–21, 77 A.3d 726 (2013); *Bayview Loan Servicing, LLC* v. *Frimel*, 192 Conn. App. 786, 795,     A.3d     (2019); *Magee Avenue, LLC* v. *Lima Ceramic Tile, LLC*, 183 Conn. App. 575, 583–85, 193 A.3d 700 (2018).

To prevail on their motion for summary judgment, the defendants bore the initial burden to negate the factual claims as framed by the complaint. Thus, in response to the allegations in counts three, six, and seven, that VKB, Vernon W. Belanger, and Kay F. Belanger, respectively, "constructed a sidewalk on the property with a resulting approximately 1 1/2" lip between the sidewalk segments it installed and the sidewalk on the adjoining property," it was incumbent on those defendants to whom such counts were directed to proffer evidence that either they did not construct the sidewalk or that they constructed the sidewalk without the alleged defect. In the absence of any evidentiary

submission, such defendants failed to satisfy their initial burden as movants for summary judgment with respect to counts three, six, and seven, and the trial court erred in granting their motion for summary judgment as to those counts.

The fact that the defendants submitted evidentiary materials with their reply brief (reply materials) in support of their summary judgment motion does nothing to cure the failure to proffer evidence with their initial motion because the reply materials do not establish the nonexistence of a genuine issue of material fact.[5] That is, the reply materials do not contain any affidavits or other supporting documents that demonstrate that the defendants either did not construct the sidewalk or constructed the sidewalk without the alleged defect. Moreover, the reply brief states in part: "[I]t is not clear that the defendant[s] actually constructed the sidewalk in question," which effectively concedes that there exists a genuine issue of material fact as to whether any of the defendants constructed the sidewalk.

The judgment is reversed in part only as to the granting of the defendants' motion for summary judgment as to counts three, six, and seven of the plaintiff's amended complaint and the case is remanded with direction to deny the defendants' motion for summary judgment as to those counts and for further proceedings according to law; the judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[1] On December 19, 2017, the original defendants filed a motion for summary judgment as to all counts of the plaintiff's original complaint. The defendants later filed an amended motion for summary judgment, the granting of which is the subject of this appeal.

[2] Section 21-37 of the Bristol Code of Ordinances, entitled "Maintenance—Abutting owner's duty generally," provides: "(a) All public sidewalks, whenever installed, shall be maintained, repaired, replaced and kept clear by the abutting property owner and not at the expense of the general city taxpayers whether such public walks are described as school walks or otherwise.

"(b) Every person owning land within the city, upon or adjacent to which is a sidewalk, whether constructed by him or not, shall at all times keep such sidewalk in safe condition for the use of the public, and shall have repaired all defects which may occur in such sidewalk and at all times remove therefrom all obstructions or any substance which would in any way impede or imperil public travel upon such sidewalk."

[3] Specifically, in count one, the plaintiff alleged in relevant part: "4. At all times relevant, [VKB] was responsible for keeping the abutting sidewalk in safe condition for the use of [the] public, pursuant to the ordinances of the [city of] Bristol. . . . 15. [VKB] has direct liability to the plaintiff for the injuries she sustained via operation of Bristol [Code of] Ordinance[s] § 21-37."

[4] "The existence of a duty is a question of law . . . ." (Internal quotation marks omitted.) *Doe* v. *Cochran*, 332 Conn. 325, 338, 210 A.3d 469 (2019). "[T]he use of a motion for summary judgment to challenge the legal sufficiency of a complaint is appropriate when the complaint fails to set forth a cause of action and the defendant can establish that the defect could not be cured by repleading." *Larobina* v. *McDonald*, 274 Conn. 394, 401, 876 A.2d 522 (2005).

[5] The reply materials, which were filed on the same day as the summary judgment hearing, include certificates of use and occupancy, two photographs of the sidewalk, excerpts from the plaintiff's deposition transcript, and the affidavit of Ronald J. Houde, Jr., Esq. attesting that the submitted documents are true and accurate copies. Because the plaintiff's counsel stated to the trial court during the summary judgment hearing that he had

no objection to the court considering the defendants' reply, the plaintiff is deemed to have waived any objection to the reply on timeliness grounds. Cf. *Magee Avenue, LLC* v. *Lima Ceramic Tile, LLC*, supra, 183 Conn. App. 583–85 (holding that, in adjudicating defendants' motion for summary judgment, trial court should not have considered defendants' initial affidavit, filed one day before summary judgment hearing, to which plaintiff objected on, inter alia, timeliness grounds).

———————————————