Y'ISIAH LOPES *v.* SHAWN FARMER ET AL.
(SC 17901)

Norcott, Katz, Palmer, Zarella and Schaller, Js.

Argued November 20, 2007—officially released April 15, 2008

*John R. Williams*, for the appellant (plaintiff).

*Kevin C. Kelly*, with whom was *Carmine Perri*, for the appellees (named defendant et al.).

*Opinion*

SCHALLER, J. In this action for malicious prosecution brought pursuant to 42 U.S.C. § 1983,[1] the plaintiff, Y'Isiah Lopes, appeals[2] from the grant of summary judgment rendered in favor of the defendants Shawn Farmer

---

[1] Section 1983 of title 42 of the United States Code provides in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ."

[2] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

and Melissa Niemiec,[3] both police officers employed by the town of Stratford. On appeal, the plaintiff claims that the trial court improperly concluded that his claims against the defendants were barred by the statute of limitations. We agree, and, accordingly, reverse the judgment of the trial court.

The record reveals the following undisputed facts and procedure. At times relevant to this appeal, Farmer had been assigned to Stratford High School as a resource officer. On October 20, 2000, Kristy Tryjada,[4] a student at Stratford High School, contacted Farmer to report that an individual whom she described as a black male in his late twenties or early thirties had been following her and had threatened her. On November 6, 2000, Niemiec met with Tryjada and her mother, Melanie Nemeth, both of whom told Niemiec that the man following Tryjada was driving a black Mustang with a Kansas license plate number OAV 121. Later that day, police stopped a vehicle matching that description. The plaintiff was the driver of the vehicle. Niemiec responded to the scene, where she questioned the plaintiff and warned him to stay away from Tryjada. The plaintiff claimed that he did not know Tryjada and had not been following her. After Niemiec prepared a report about the stop and her conversation with the plaintiff, she forwarded the report to Farmer. Farmer recognized the name and description of the driver of the vehicle as the plaintiff, who worked as a substitute teacher at Stratford High School. Farmer arranged to have the plaintiff, Tryjada and Nemeth meet in the principal's office at the high school on November 9, 2000. At that meeting, both Tryjada and Nemeth identified the plain-

[3] Niemiec's name at the time of the events underlying the present action was Melissa Lucas. Although the plaintiff also named Kristy Tryjada as a defendant, the trial court granted a default judgment against her for failure to appear, and, therefore, she is not a party to this appeal. Accordingly, we refer to Niemiec and Farmer collectively as the defendants in this opinion.

[4] See footnote 3 of this opinion.

tiff as the individual who had been following and threatening Tryjada. Later that day, Farmer prepared, and a judge of the Superior Court signed, an arrest warrant charging the plaintiff with stalking in the second degree in violation of General Statutes § 53a-181d. The plaintiff was arrested that day pursuant to the warrant. On July 22, 2002, all of the charges that had been brought against the plaintiff were dismissed.

The plaintiff filed this action under 42 U.S.C. § 1983 against Niemiec, Farmer and Tryjada, alleging that they had maliciously prosecuted him in violation of the fourth amendment to the United States constitution. The trial court found that the complaint was served on all three defendants on May 15, 2005. A judgment of default for failure to appear entered against Tryjada on October 7, 2005. The defendants moved for summary judgment, claiming that the action was barred by the applicable statute of limitations, General Statutes § 52-577.[5] The trial court agreed that the three year time period set forth in § 52-577 was the applicable limit, and also concluded that the limitations period began to run on the date that the acts specified in the complaint had occurred. Based on those two conclusions, the court concluded that the plaintiff's action was time barred, and, accordingly, rendered summary judgment in favor of the defendants. This appeal followed.

The parties do not dispute that the three year limitation period pursuant to § 52-577 applies to the plaintiff's action. Instead, the dispute centers on the date on which the limitations period commenced. The plaintiff claims that the statute of limitations began to run upon the termination of the underlying criminal action in his favor. The defendants respond that the limitations

---

[5] General Statutes § 52-577 provides: "No action founded upon a tort shall be brought but within three years from the date of the act or omission complained of."

period properly was measured from the time that the plaintiff was arrested. We agree with the plaintiff.

We first set forth the applicable standard of review. "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . On appeal, we must determine whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court. . . . Our review of the trial court's decision to grant the defendant's motion for summary judgment is plenary." (Internal quotation marks omitted.) *Allen* v. *Cox*, 285 Conn. 603, 609, 942 A.2d 296 (2008).

"There is no limitation provision contained in 42 U.S.C. § 1983 setting forth a time period within which the right must be enforced. See *Wilson* v. *Garcia*, 471 U.S. 261, 266–67, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985). Where Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local limitation if it is not inconsistent with federal law or policy to do so." *Orticelli* v. *Powers*, 197 Conn. 9, 16, 495 A.2d 1023 (1985); see also *Williams* v. *Walsh*, 558 F.2d 667, 670 (2d Cir. 1977) ("[i]n the absence of a federal statute of limitations federal courts borrow the state statute of limitations applicable to the *most similar state cause of action*" [emphasis in original; internal quotation marks omitted]). In the case

of an action for malicious prosecution brought pursuant to § 1983, the appropriate limit is the three year limitations period applicable to tort actions, set forth in § 52-577. See *Orticelli* v. *Powers*, supra, 16 n.3 (noting that United States Supreme Court indicated in *Wilson* v. *Garcia*, supra, 276, that actions under 42 U.S.C. § 1983 are best characterized as personal injury actions for purpose of determining applicable limitations period).

Although the length of the limitations period for actions brought pursuant to 42 U.S.C. § 1983 is governed by state law, "the accrual date of a § 1983 cause of action is a question of federal law that is *not* resolved by reference to state law." (Emphasis in original.) *Wallace* v. *Kato*, 549 U.S. 384, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). "Aspects of § 1983 which are not governed by reference to state law are governed by federal rules conforming in general to common-law tort principles. . . . Under those principles, it is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action. . . . [T]hat is, when the plaintiff can file suit and obtain relief . . . ." (Citations omitted; internal quotation marks omitted.) Id.

Because one of the elements of the tort of malicious prosecution is favorable termination of the underlying action, a cause of action for malicious prosecution accrues only when the underlying action terminates in the plaintiff's favor. *Heck* v. *Humphrey*, 512 U.S. 477, 489, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). The requirement of favorable termination is well established in our case law. "An action for malicious prosecution against a private person requires a plaintiff to prove that: (1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) *the criminal proceedings have terminated in favor of the plaintiff*; (3) the defendant acted without probable cause; and (4) the defendant acted with malice, primar-

ily for a purpose other than that of bringing an offender to justice." (Emphasis added.) *McHale* v. *W. B. S. Corp.*, 187 Conn. 444, 447, 446 A.2d 815 (1982).

In the present case, the prosecution against the plaintiff terminated in his favor when the charges were dismissed on July 22, 2002. When the plaintiff instituted the present action on May 15, 2005, he was within the three year limit set by § 52-577. His action, therefore, was not time barred.[6]

The judgment is reversed and the case is remanded with direction to deny the defendants' motion for summary judgment and for further proceedings according to law.

In this opinion the other justices concurred.

---

[6] Because *Wallace* v. *Kato*, supra, 127 S. Ct. 1095, held that the question of accrual is a question of federal, rather than state law, the defendants' arguments, which rely on state law principles, that is, the fact that § 52-577 is an occurrence statute; see *Fichera* v. *Mine Hill Corp.*, 207 Conn. 204, 212–13, 541 A.2d 472 (1988); are unavailing.