## MELVIN C. WASHINGTON *v.* DANIEL IVANCIC ET AL.
### (AC 28181)

Flynn, C. J., and Lavine and Pellegrino, Js.

Argued September 17, 2008—officially released March 17, 2009

*Melvin C. Washington*, pro se, the appellant (plaintiff).

*Irena J. Urbaniak*, city attorney, for the appellees (defendants).

PELLEGRINO, J. The plaintiff, Melvin C. Washington, appeals from the judgment of the trial court rendered upon the granting of the defendants'[1] cross motion for summary judgment on the ground that the plaintiff's complaint was barred by a statute of limitations. The court also denied the plaintiff's motion for summary judgment seeking judgment as to liability. We conclude that the statute of limitations does not bar the plaintiff's malicious prosecution claim, and, therefore, we reverse in part the judgment of the trial court.[2]

The plaintiff alleges that on January 4, 2003, as he was leaving a fast food restaurant, he was approached by a police officer who inquired as to whether he had had any alcoholic beverages to drink. The plaintiff responded that the question "was an invasion of privacy." Another officer drove into the parking lot, and one of the officers ordered the plaintiff out of his car. The plaintiff was ordered to perform a field sobriety exercise and was, subsequently, transported to the New Britain police department where he was arrested and charged with operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a.

On September 9, 2004, the charge of operating a motor vehicle while under the influence of intoxicating liquor or drugs was nolled by the state and then dismissed on September 9, 2005. The plaintiff, on March 21, 2006, instituted this action against the defendants.

---

[1] The defendants are police Officer Daniel Ivancic, police Officer Robert Paciotti, acting chief of police William Gagliardi and the city of New Britain.

[2] Because we remand this case for further proceedings on the plaintiff's malicious prosecution claim, we do not address his additional claim that the trial court should have granted his motion for partial summary judgment as to liability. Even if we were to address this claim and agree with the plaintiff on its merits, a further hearing in damages would be required before a final judgment could be rendered.

In his complaint and subsequent amended complaints, the plaintiff alleged infringement of his freedom of speech and an illegal seizure, conspiracy and civil rights violations, false arrest, infliction of both intentional and negligent emotional distress, malicious prosecution and municipal liability.

The plaintiff filed a motion for summary judgment solely as to liability. The defendants filed an objection to the plaintiff's motion for summary judgment as well as a cross motion for summary judgment as to all counts of the complaint, claiming that the plaintiff's action was barred by the statute of limitations, General Statutes § 52-577. The court denied the plaintiff's motion for summary judgment on the ground that the supporting material submitted by the plaintiff was conclusory and that he failed to meet his burden of proof to show that there were no genuine issues of material fact. As to the defendants' cross motion for summary judgment, the court granted that motion, agreeing that the three year time period set forth in § 52-577 barred the plaintiff's claims because the action was not instituted until March 21, 2006, more than three years after January 4, 2003, the date of the incident that formed the basis of the plaintiff's complaint.[3] This appeal followed.

The plaintiff claims that the court improperly granted the defendants' cross motion for summary judgment on the malicious prosecution count.[4] The court, in granting the defendants' cross motion for summary judgment on the ground that the three year limitation period pursuant to § 52-577 barred the plaintiff's claim, used the date of the arrest, January 4, 2003, as the starting date

---

[3] The defendants had raised two additional defenses, res judicata and governmental immunity, in their cross motion for summary judgment. The court, however, granted the defendants' motion solely on the basis of the statute of limitations and did not address the defendants' other two grounds.

[4] The plaintiff does not challenge the trial court's ruling with respect to his other allegations.

of the limitations period. Therefore, it found that more than three years had passed by the time the complaint was served on March 21, 2006. On appeal, the plaintiff argues that the court should have used the date the charges were dismissed, September 9, 2005, to calculate the running of the statute of limitations. We agree.

Our Supreme Court recently decided this issue in *Lopes* v. *Farmer*, 286 Conn. 384, 944 A.2d 921 (2008), and held that the statute of limitations in a malicious prosecution claim commences to toll from the date the criminal matter is dismissed. The defendants now agree, as does this court, that on the basis of *Lopes*, the malicious prosecution claim was timely filed. In *Lopes*, the plaintiff filed an action, pursuant to 42 U.S.C. § 1983, for malicious prosecution against two police officers employed by the town of Stratford. The plaintiff was arrested on November 9, 2000, and on July 22, 2002, all of the charges against him were dismissed. *Lopes* v. *Farmer*, supra, 386–87. He filed suit against the defendants, serving them with the complaint on May 15, 2005. Id., 387. The court found that the claim was barred by § 52-577 using the date of the plaintiff's arrest as the date to start the limitations period. Id. Our Supreme Court reversed the judgment, holding that the limitations period started as of the date the charges were dismissed, not as of the date of the arrest. Id., 390.

In the present matter, the charges against the plaintiff were dismissed on September 9, 2005, and he instituted this action on March 21, 2006, within the three year statute of limitations. Therefore, on the basis of the *Lopes* decision, we reverse the judgment of the court granting the defendants' motion for summary judgment as to the malicious prosecution claim.

The judgment is reversed in part and the case is remanded for further proceedings on the plaintiff's malicious prosecution claim.

In this opinion the other judges concurred.