******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

DAVID TAYLOR *v.* ANTHONY WALLACE
(AC 40362)

Alvord, Keller and Beach, Js.

*Syllabus*

The plaintiff, who was incarcerated following his conviction of murder, commenced the present action seeking money damages for alleged legal malpractice by the defendant attorney, who previously had represented the plaintiff with respect to a consolidated habeas action brought by the plaintiff concerning his murder conviction. The plaintiff alleged that the defendant provided deficient representation and used the plaintiff's name and circumstance to commit fraud against the state. The trial court granted the defendant's motion to dismiss and rendered judgment of dismissal, concluding that the defendant was entitled to immunity pursuant to statute (§ 4-165) as to the legal malpractice claim and that the plaintiff did not have standing to pursue his fraud claim. On the plaintiff's appeal to this court, *held*:

1. The plaintiff could not prevail on his claim that the trial court improperly dismissed the complaint on the ground that the defendant was entitled to immunity under § 4-165, which was based on his claim that the defendant was not entitled to immunity because his actions were egregious and reckless, and performed outside the scope of his employment; pursuant to *Heck* v. *Humphrey* (512 U.S. 477), the United States Supreme Court held that if success in a tort action would necessarily imply the invalidity of a conviction, the action must be dismissed unless the underlying conviction has been invalidated, and because the plaintiff here has been convicted and that conviction has withstood a number of attacks and has never been invalidated, the plaintiff's claim was not ripe for adjudication, and, therefore, this court did not reach the issue of immunity.

2. The plaintiff could not prevail on his claim that the trial court erred in concluding that he lacked standing to pursue his claim that, because of the defendant's malpractice, the defendant committed fraud against the state and, indirectly against the plaintiff, causing the plaintiff injury; the plaintiff's claim that he was injured as a result of the defendant's purported fraud on the state was unavailing because the plaintiff did not claim that he himself was defrauded, only that he was an unwitting and unwilling participant, and because the entirety of his claim was derivative of any injury the state may have suffered, the plaintiff was not classically aggrieved and lacked standing to pursue his fraud claim.

3. The plaintiff's claim that the trial court improperly denied his motion for reargument was unavailing; this court having rejected the plaintiff's claim that the trial court erred in dismissing his case for lack of subject matter jurisdiction, there was no basis on which to find that the trial court abused its discretion in denying his motion to reargue.

Argued April 19—officially released August 7, 2018

*Procedural History*

Action seeking to recover damages as a result of the defendant's alleged legal malpractice, and for other relief, brought to the Superior Court in the judicial district of Tolland, where the court, *Bright, J.*, granted the defendant's motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed*.

*David P. Taylor*, self-represented, the appellant (plaintiff).

*Stephen R. Finucane*, assistant attorney general, with whom, on the brief, were *George Jepsen*, attorney gen-

eral, *Jane R. Rosenberg*, solicitor general, and *Terrence M. O'Neill*, assistant attorney general, for the appellee (defendant).

*Opinion*

BEACH, J. The plaintiff, David Taylor, appeals from the judgment of the trial court dismissing his one count complaint sounding in legal malpractice against the defendant, Anthony Wallace. On appeal, the plaintiff claims that the trial court erred in (1) dismissing the complaint; (2) concluding that the plaintiff lacked standing to assert his claim of fraud; and (3) denying the plaintiff's motion for reargument. The defendant claims that the action was not ripe because the underlying conviction had not been vacated. We affirm the judgment.

The following facts and procedural history are pertinent to our decision. In a previous criminal case, the plaintiff pleaded guilty to murder under the *Alford* doctrine[1] on September 12, 2001, and was sentenced to twenty-five years imprisonment.[2] In the following years, he has brought at least twelve petitions seeking posttrial relief and has included as grounds for the relief claims of ineffective assistance of counsel.[3] The defendant was appointed to represent the plaintiff in one of the habeas proceedings; the representation occurred between February 16, 2011, and January 28, 2014.

In his present complaint alleging legal malpractice, dated April 18, 2016, the plaintiff alleged that the defendant provided deficient representation and used the plaintiff's name and circumstance to commit fraud against the state. On June 8, 2016, the defendant moved to dismiss the complaint on the basis that the plaintiff's claims were barred by statutory immunity. At oral argument on the motion, the defendant claimed additionally that the plaintiff lacked standing to claim that the defendant had defrauded the state. After oral argument, the court granted the motion to dismiss, concluding that the defendant was entitled to statutory immunity as to the plaintiff's legal malpractice claim. The court also addressed the plaintiff's claim that the defendant committed fraud against the state, and concluded that the plaintiff did not have standing to pursue that claim. This appeal followed. Additional facts will be set forth as necessary.

We begin with generally applicable legal principles. "[In reviewing] the trial court's decision to grant a motion to dismiss, we take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . [A] motion to dismiss admits all facts well pleaded and invokes any record that accompanies the motion, including supporting affidavits that contain undisputed facts." (Citation omitted; internal quotation marks omitted.) *May* v. *Coffey*, 291 Conn. 106, 108, 967 A.2d 495 (2009).

"A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial

court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record. . . .

"Subject matter jurisdiction [implicates] the authority of the court to adjudicate the type of controversy presented by the action before it. . . . [A] court lacks discretion to consider the merits of a case over which it is without jurisdiction . . . . The objection of want of jurisdiction may be made at any time . . . [a]nd the court or tribunal may act on its own motion, and should do so when the lack of jurisdiction is called to its attention. . . . The requirement of subject matter jurisdiction cannot be waived by any party and can be raised at any stage in the proceedings." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, 265 Conn. 423, 429–30, 829 A.2d 801 (2003).

I

The plaintiff's first claim on appeal is that the trial court erred in dismissing the complaint on the ground that the defendant was entitled to statutory immunity pursuant to General Statutes § 4-165. Specifically, he claims that the defendant is not entitled to immunity because "some of the defendant's actions were not only egregious, wanton and reckless, but were also performed outside the scope of his employment." The defendant maintains that the court properly decided the immunity issue in favor of the defendant but also counters, for the first time on appeal, that the plaintiff's claim is not ripe for judicial review because the allegations in his complaint, if true, undermine or imply the invalidity of the plaintiff's criminal conviction, which has never been invalidated. We agree with the defendant that the controversy is not ripe, and do not reach the issue of immunity.

"[J]usticiability comprises several related doctrines . . . [including ripeness]. . . . A case that is nonjusticiable must be dismissed for lack of subject matter jurisdiction. . . . [B]ecause an issue regarding justiciability raises a question of law, our appellate review [of the ripeness of a claim] is plenary. . . . [T]he rationale behind the ripeness requirement is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements . . . . Accordingly, in determining whether a case is ripe, a trial court must be satisfied that the case before [it] does not present a hypothetical injury or a claim contingent [on] some event that has not and indeed may never transpire." (Citation omitted; internal quotation marks omitted.) *Janulawicz* v. *Commissioner of Correction*, 310 Conn. 265, 270–71, 77 A.3d 113 (2013).

"In general, the plaintiff in an attorney malpractice action must establish: (1) the existence of an attorney-

client relationship; (2) the attorney's wrongful act or omission; (3) causation; and (4) damages. . . . [T]he plaintiff typically proves that the defendant attorney's professional negligence caused injury to the plaintiff by presenting evidence of what would have happened in the underlying action had the defendant not been negligent." (Citations omitted; internal quotation marks omitted.) *Lee* v. *Harlow, Adams & Friedman, P.C.*, 116 Conn. App. 289, 297, 975 A.2d 715 (2009).

An issue of subject matter jurisdiction may be raised at any time, even at the appellate level. See *Fort Trumbull Conservancy, LLC* v. *New London*, supra, 265 Conn. 430. In this instance, the defendant raised the issue of jurisdiction in his brief to this court. The plaintiff did not file a reply brief. At oral argument, he forthrightly conceded several times that he could not meet the standard set forth in *Heck* v. *Humphrey*, 512 U.S. 477, 486–87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994).

In the present case, the plaintiff remains incarcerated as a result of his conviction of murder in 2001. He has filed multiple habeas petitions; the defendant represented him in a consolidated habeas action between 2011 and 2014. Despite multiple attempts, the plaintiff has not invalidated his conviction, and, at the time of argument before this court, at least one habeas action alleging that the defendant provided ineffective assistance as habeas counsel was pending. See *Taylor* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-14-4006607-S.

In his brief, the defendant asserts that the case should be dismissed for lack of ripeness. Relying to a degree on *Heck* v. *Humphrey*, supra, 512 U.S. 486–87, the defendant suggests that this case is not ripe for adjudication because (1) a habeas corpus action is pending, and sound policy considerations militate against the possibility of inconsistent resolutions arising out of the same transaction; (2) the injury resulting from alleged professional negligence in this instance is incarceration,[4] and, as the plaintiff remains validly incarcerated in any event, any consideration of damages would invoke a hypothetical inquiry; and (3) the holding of *Heck* v. *Humphrey*, supra, 512 U.S. 477, should be adopted by this court. We agree.

We begin by examining *Heck*. There, a prisoner brought an action pursuant to 42 U.S.C. § 1983 alleging that unlawful procedures had led to his arrest, that exculpatory evidence had knowingly been destroyed, and that unlawful identification procedures had been used at this trial. *Heck* v. *Humphrey*, supra, 512 U.S. 478–79. He claimed monetary relief and did not seek release from custody. Id., 479. His conviction had been affirmed and a federal habeas petition had been denied. Id. The United States Court of Appeals for the Seventh Circuit had affirmed the District Court's dismissal of the plaintiff's action, reasoning that "[i]f, regardless of

the relief sought, the plaintiff [in a federal civil rights action] is challenging the legality of his conviction, so that if he won his case the state would be obliged to release him even if he hadn't sought that relief, the suit is classified as an application for habeas corpus and the plaintiff must exhaust his state remedies, on pain of dismissal if he fails to do so." (Footnote omitted; internal quotation marks omitted.) Id., 479–80.

The United States Supreme Court affirmed, although on slightly different reasoning. Id., 490. It began its analysis with a discussion of the common law of torts, and analogized the circumstance of the case before it to malicious prosecution: an element of the cause of action under the common law is a favorable outcome of the underlying criminal case against the plaintiff. Id., 484. The element was required in order to avoid inconsistent resolutions and collateral attacks on convictions. Id., 484–85.

The court concluded "that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal . . . or called into question by a federal court's issuance of a writ of habeas corpus . . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the [trial] court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of this conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." (Emphasis altered; footnote omitted.) Id., 486–87. The court noted that the injury of being convicted and imprisoned is not compensable under § 1983 unless the conviction has been overturned. Id., 487 n.7.

We agree with the policy enunciated in *Heck*: if success in a tort action would necessarily imply the invalidity of a conviction, the action is to be dismissed unless the underlying conviction has been invalidated. Although the issue has not been addressed by an appellate court in this jurisdiction, *Heck* has been followed in Superior Court decisions. See, e.g., *Tierinni* v. *Coffin*, Superior Court, judicial district of Tolland, Docket No. CV-14-5005868-S (May 21, 2015) (60 Conn. L. Rptr. 450); see also *Alston* v. *Sullivan*, Superior Court, judicial district of New Haven, CV-16-5036474-S (September 29, 2016).

The rationale in *Heck* is similar to other limitations in our tort law. Malicious prosecution, of course, requires as an element a favorable outcome of the

underlying prosecution. *Lopes* v. *Farmer*, 286 Conn. 384, 389, 944 A.2d 921 (2008), citing *Heck* v. *Humphrey*, supra, 512 U.S. 477. A tort case is not ripe for adjudication if resolution of an unresolved underlying case is necessary for reliable adjudication. See, e.g., *Esposito* v. *Specyalski*, 268 Conn. 336, 348–49, 844 A.2d 211 (2004). Principles of issue preclusion bar collateral attack on a judgment. See, e.g., *Lighthouse Landings, Inc.* v. *Connecticut Light & Power Co.*, 300 Conn. 325, 343–45, 15 A.3d 601 (2011).

In *Tierinni* v. *Coffin*, supra, 60 Conn. L. Rptr. 450, the Superior Court reasoned that an incarcerated prisoner's complaint alleging legal malpractice should be dismissed. The court observed that the extant claim of ineffective assistance of counsel in a habeas action and his claim of legal malpractice in the case sub judice arose from the same set of facts; the tort claim, then, was not ripe for adjudication. Id., 453. The court reasoned that if it were "to adjudicate the plaintiff's claim during the pendency of the plaintiff's habeas petition, there is a risk that [the] court could determine the defendant's performance was insufficient while the habeas court determines it was sufficient, or vice versa." Id. Further, "[b]ecause an invalidation of the underlying criminal matter through the plaintiff's pending [habeas] petition is a necessary precursor to this legal malpractice claim . . . the plaintiff's legal malpractice claim has not yet accrued . . . ." Id.

In the present case, the plaintiff has been convicted and that conviction has withstood a number of attacks. For so long as the conviction stands, an action collaterally attacking the conviction[5] may not be maintained.

II

The plaintiff next claims that the trial court erred in concluding that the plaintiff lacked standing to pursue his claim that, because of his malpractice, the defendant committed fraud against the state and, indirectly, against the plaintiff. The habeas court concluded from the complaint that any fraud the defendant may have committed was against the state, not the plaintiff. The plaintiff argues that this conclusion is incorrect because the defendant used "the plaintiff's case and name to commit a criminal act, forcing him to become an unwitting and unwilling participant," such that injury to him was distinct from injury to the state.[6]

"Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . These two objectives are ordinarily held to have been met when a complainant

makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a personal stake in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy. . . . The requirement of directness between the injuries claimed by the plaintiff and the conduct of the defendant also is expressed, in our standing jurisprudence, by the focus on whether the plaintiff is the proper party to assert the claim at issue. . . .

"Two broad yet distinct categories of aggrievement exist, classical and statutory. . . . Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest. . . .

"Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Fort Trumbull Conservancy, LLC* v. *New London*, supra, 265 Conn. 430–31.

The plaintiff's argument that he was injured as a result of the defendant's purported fraud is unavailing because the plaintiff does not claim that he himself was defrauded, only that he was "an unwitting and unwilling participant." Therefore, the entirety of his claim is derivative of any injury the state may have suffered. The plaintiff is not classically aggrieved and, therefore, lacks standing to pursue his fraud claim.[7] See *Scarfo* v. *Snow*, 168 Conn. App. 482, 497, 146 A.3d 1006 (2016) ("[i]f the injuries claimed by the plaintiff are remote, indirect or derivative with respect to the defendant's conduct, the plaintiff is not the proper party to assert them and lacks standing to do so" [internal quotation marks omitted]).

### III

Finally, the plaintiff claims that the trial court erred in denying the plaintiff's motion for reargument. We review a court's denial of a motion to reargue for an abuse of discretion. *Roe # 1* v. *Boy Scouts of America Corp.*, 147 Conn. App. 622, 647, 84 A.3d 443 (2014). Because we reject the plaintiff's claims that the trial court erred in dismissing his case for lack of subject matter jurisdiction, there is no basis on which to find an abuse of discretion. The plaintiff's claim, therefore, fails.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 37, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] For a more complete exposition of the facts leading to the plaintiff's imprisonment, see generally *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 936 A.2d 611 (2007).

[3] See, e.g., *Taylor* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-14-4006607-S; *Taylor* v. *Warden*, Superior Court, judicial district of Tolland, Docket No. CV-12-4004709-S (January 23, 2014), appeal dismissed, Appellate Court, Docket No. 36585 (October 21, 2015).

[4] The plaintiff claims in his complaint that his tort damages include "mental anguish and torment"; he does not expressly seek release from incarceration in this action. Similarly, he does not specifically allege incarceration as the injury arising from the defendant's alleged failure to meet the standard of care. We do not see any reasonable scenario of recovery, however, that does not necessarily undermine the validity of the conviction.

[5] The plaintiff insists that he is not attacking the conviction, but is merely seeking monetary damages. One difficulty with his position is that the injury, a necessary element in a tort action, is the conviction. To prove his malpractice action, he presumably would have to prove that he would not have sustained the injury had professional negligence not occurred. Thus, a successful result in this case would necessarily imply that the conviction was improper. Inconsistency of judgments is avoided by the requirement that the conviction first be vacated.

Put differently, a court could not provide practical relief in the current posture. If the malpractice action were to be pursued, recovery for the injury would be barred as a collateral attack on a judgment. The action would be hypothetical, and thus nonjusticiable. See *Janulawicz* v. *Commissioner of Correction*, supra, 310 Conn. 270–71.

[6] The plaintiff also argues that, as a third-party beneficiary of the defendant's contract with the state to serve as assigned habeas counsel, the plaintiff had "a specific, personal and legal interest in that agreement." The plaintiff did not raise a breach of contract claim, either directly or as a third-party beneficiary, in his complaint. Because we conclude that the plaintiff's claimed injuries are at most derivative of the alleged injuries to the state, we need not consider this argument.

[7] The plaintiff also argues that he is statutorily aggrieved but points to no statute that would provide standing.