******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

TOLLAND MEETINGHOUSE COMMONS, LLC *v.*
CXF TOLLAND, LLC, ET AL.
(AC 44379)

Moll, Clark and Sheldon, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendant C Co. for breach of contract in connection with C Co.'s failure to make payments due on a commercial lease and from the defendant R for his breach of a guaranty agreement entered into in connection with that lease. Both the plaintiff and R filed motions for summary judgment. The trial court denied R's motion and granted the plaintiff's motion. On R's appeal to this court, *held* that the trial court properly granted the plaintiff's motion for summary judgment; because the court issued a well reasoned memorandum of decision addressing the issues raised in this appeal, this court adopted the trial court's decision as a proper statement of the relevant facts and the applicable law on the issues.

Argued January 18—officially released March 1, 2022

*Procedural History*

Action to recover damages for, inter alia, breach of a commercial lease agreement, and for other relief, brought to the Superior Court in the judicial district of Stamford-Norwalk and transferred to the judicial district of Tolland, where the court, *Farley, J.*, denied the motion for summary judgment filed by the defendant Peter A. Rusconi and granted the plaintiff's motion for summary judgment and rendered judgment thereon, from which the defendant Peter A. Rusconi appealed to this court. *Affirmed*.

*Matthew Wax-Krell*, with whom, on the brief, was *Denise Lucchio*, for the appellant (defendant Peter A. Rusconi).

*Kurosh L. Marjani*, with whom, on the brief, was *Daniel B. Brill*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. The present appeal arises out of an action alleging breach of a commercial lease agreement against the defendant CXF Tolland, LLC (Cardio Express),[1] and breach of a guaranty agreement against the defendant Peter A. Rusconi. Rusconi appeals from the judgment of the trial court rendered in favor of the plaintiff, Tolland Meetinghouse Commons, LLC (Tolland Meetinghouse), granting Tolland Meetinghouse's motion for summary judgment.[2] We affirm the judgment of the trial court.

The record, viewed in the light most favorable to Rusconi for purposes of reviewing the trial court's summary judgment ruling; see *Cefaratti* v. *Aranow*, 321 Conn. 637, 641, 138 A.3d 837 (2016); reveals the following facts. On May 14, 2007, Cardio Express entered into a lease with Tolland Meetinghouse's predecessor in interest (landlord) to lease certain premises in a shopping center[3] to be used as an exercise facility and health club. The term of the lease was from May 1, 2007, until October 31, 2018.

On May 10, 2007, Rusconi signed a guaranty agreement. The guaranty agreement provides in part: "Guarantor has requested Landlord to enter into a Lease Agreement dated May 14, 2007 . . . with [Cardio Express] . . . as the Tenant . . . . To induce Landlord to enter into the Lease, the Guarantor hereby agrees to Guaranty, as hereinafter provided, the performance by [Cardio Express] of all [of] the terms, covenants, conditions, obligations and agreements . . . contained in the Lease on the part of [Cardio Express] to be performed thereunder."

Paragraph 2 of the guaranty agreement provides in part that, "[e]ven if the Lease is renewed or its term extended, for any period beyond the original expiration date specified in the Lease, either pursuant to any option to renew granted under the Lease or otherwise at any time, or if [Cardio Express] holds over beyond the term of the Lease, or if the Lease is modified in any way, the obligations hereunder of the Guarantor shall terminate at the expiration of the initial five (5) years of the initial Lease term." Paragraph 11 (j) of the guaranty agreement provides that the "term of this Guaranty Agreement shall be only for the initial first five years of the initial Lease term."

On August 17, 2010, after Tolland Meetinghouse acquired an interest in the premises, it and Cardio Express entered into the first amendment of lease. The first amendment provided in part that "the Lease is hereby ratified and confirmed and shall remain in full force and effect." Rusconi signed the first amendment for Cardio Express as its member/manager. Several years later, Cardio Express failed to pay rent due and Tolland Meetinghouse issued a notice to quit dated

March 16, 2016.

In April, 2016, Tolland Meetinghouse and Cardio Express entered into a second amendment to lease. The second amendment stated in part: "The parties desire to amend the Lease, by restructuring the amounts due under the Lease, as hereinafter set forth. . . .

"1. [Cardio Express] acknowledges that the arrearage under the Lease through March 31, 2016 is $122,275.71, as more fully set forth on the Statement attached to the default letter . . . dated March 7, 2016 . . . .

"2. [Tolland Meetinghouse] agrees to reduce this sum to $100,000.00, conditioned on [Cardio Express'] full compliance with the terms set forth herein.

"3. The $100,000.00 set forth in Paragraph 2 . . . shall be paid in eighteen (18) equal installments of $5,555.55, to be paid with the Base Monthly Rent for April 2016 through September 2017.

"4. If [Cardio Express] fails to timely make any of these payments, time being of the essence, or commits any other Event of Default under the Lease as amended, the Arrears set forth in Paragraph 1 shall immediately become due and payable in full, with credit for any of the $5,555.55 payments already made.

"5. *The Guarantor hereby reaffirms his obligations in respect to the terms of the Guaranty dated May 10, 2007, which Guaranty shall remain in full force and effect.*

"6. Upon execution of this Second Amendment, [Cardio Express] shall pay all April 2016 sums due . . . and the April 2016 arrears payment as set forth above in the amount of $5,555.55.

"7. Upon execution of this Second Amendment and payment of the sums set forth in Paragraph 6 above, the notice to quit served on [Cardio Express] on or about March 16, 2016 will be revoked and [Cardio Express] reinstated to the Lease as hereby amended." (Emphasis added.) Rusconi signed the second amendment for Cardio Express as its member/manager *and* as Guarantor. Cardio Express paid Tolland Meetinghouse the reduced arrearage in full in 2017.

Tolland Meetinghouse commenced the present action in 2019. In its revised complaint, Tolland Meetinghouse alleged in relevant part that Cardio Express entered into possession of the premises pursuant to the lease as amended and continued in possession until it vacated the premises on or about December 18, 2018, after having held over after the lease expired on October 11, 2018. Pursuant to the lease, Cardio Express agreed to pay monthly rent of $17,410.67 in the tenth year of the lease and $18,498.83 per month for the eleventh year of the lease. The lease also provided that any holding over of the premises entitled Tolland Meetinghouse to recover a use and occupancy charge of 150 percent of

the monthly rent. Cardio Express is responsible for holdover charges for November and December, 2018. The revised complaint sounds in five counts against Cardio Express: nonpayment of base rent, nonpayment of common area maintenance charges, nonpayment of water charges, nonpayment of administrative charges, and nonpayment of late fee.

The revised complaint alleged one count of breach of guaranty against Rusconi. More specifically, the count against Rusconi incorporated the allegations against Cardio Express, that, on May 10, 2007, Rusconi executed a separate guaranty agreement providing that he "unconditionally and absolutely Guarantees to Landlord the prompt payment, when due, of the rents and any and all other charges payable under the Lease . . . ." By the second amendment to lease, which Rusconi executed on behalf of Cardio Express and as a personal guarantor in April, 2016, "he reaffirmed his obligations in respect to that Guaranty and acknowledged that it 'shall remain in full force and effect.' " As a result of Cardio Express' nonpayment, Rusconi owes those sums to Tolland Meetinghouse. In his answer, Rusconi denied, among other things, that he reaffirmed his obligations as guarantor in the second amendment to lease. He pleaded as a special defense that the guarantee agreement "previously expired on its own terms, and is therefore unenforceable."

After the pleadings were closed, on January 30, 2020, Tolland Meetinghouse filed a motion for summary judgment with respect to its claims against Cardio Express and Rusconi. With respect to its breach of guaranty claim against Rusconi, Tolland Meetinghouse argued that it was entitled to judgment as a matter of law because it established that it was owed a debt from a third party, Rusconi signed a guaranty to pay the debt, and the debt had not been paid by either Cardio Express or Rusconi. See *Chase Manhattan Bank*, *N.A.* v. *Harris*, 899 F. Supp. 64, 67 (D. Conn. 1995) (prima facie case: plaintiff owed debt by third party, defendant guaranteed payment of debt, debt has not been paid by third party or defendant), vacated in part, Docket No. 5:92CV188, 1998 WL 164763 (D. Conn. February 25, 1998). It also argued that, in April, 2016, Rusconi reaffirmed his obligations in the second lease agreement as Cardio Express' guarantor and agreed that the guaranty shall remain in full force and effect. Moreover, Rusconi admitted that he signed the second lease agreement in his personal capacity as guarantor.

On January 31, 2020, Rusconi filed a motion for summary judgment in which he claimed that Tolland Meetinghouse could not prevail against him as a matter of law because the "guaranty at issue had long since expired by its terms." Moreover, "to the extent [he] provided any subsequent guaranty . . . [it] was limited to an amount that was paid in full by [Cardio Express]."

Tolland Meetinghouse objected to Rusconi's motion for summary judgment on March 16, 2020, arguing with respect to the second amendment to lease that Rusconi admitted that "[t]he Guarantor hereby reaffirms his obligations in respect to the terms of the Guaranty dated May 10, 2007, which Guaranty shall remain in full force and effect." In support of its position, Tolland Meetinghouse appended Rusconi's January 31, 2020 affidavit in which he attested that the attached "[e]xhibit D is a true and accurate copy of the second amendment to lease dated April __, 2016 between Tolland Meetinghouse Commons, LLC and CXF Tolland LLC . . . ."

On June 15, 2020, Cardio Express and Rusconi filed an opposition to Tolland Meetinghouse's motion for summary judgment. They did not contest Cardio Express' liability but requested a hearing in damages as to the amount due Tolland Meetinghouse. Rusconi, however, argued that Tolland Meetinghouse's motion for summary judgment should be denied and that his motion for summary judgment should be granted. In support of his opposition, Rusconi contended that the guaranty had expired prior to the execution of the second amendment to lease, and, therefore, there was nothing to reaffirm. Alternatively, he argued that, to the extent the second amendment includes an enforceable guaranty, it was limited to Cardio Express' obligation to pay the reduced arrearage, which had been paid.

The parties appeared before the court on July 17, 2020, to argue their respective positions with respect to the pending motions for summary judgment. On October 27, 2020, the court issued a memorandum of decision granting Tolland Meetinghouse's motion for summary judgment and denying the motion for summary judgment filed by Rusconi. The court concluded that the "only reasonable construction of paragraph 5 [of the second amendment to lease] that gives that provision any practical meaning is that Rusconi agreed to guarantee Cardio Express' remaining obligations under the lease at the time the second amendment was executed."

In conclusion, the court found Cardio Express liable to Tolland Meetinghouse for $276,522.77, of which $234,140.14 was recoverable from Rusconi.[4] The court also found that the lease and guaranty obligated Cardio Express and Rusconi to pay expenses, including attorney's fees incurred to enforce the guaranty, which totaled $20,797.26. As a result, the court found Rusconi liable in the amount of $254,937.40.

Rusconi appealed from the judgment of the trial court rendered in favor of Tolland Meetinghouse. He claims that the court erred in granting the motion for summary judgment because (1) his guaranty expired prior to Cardio Express' default and prior to the execution of the second amendment to lease, (2) the second amend-

ment to lease failed to revive the expired guaranty, and (3) if the second amendment to lease included a guaranty it was only as to Cardio Express' payment of the reduced arrearage, which has been paid.

Succinctly, the issue on appeal is whether the trial court properly concluded that there is no genuine issue of material fact that Rusconi is liable to Tolland Meetinghouse under paragraph 5 of the second amendment to lease between Tolland Meetinghouse and Cardio Express. Paragraph 5 of the second amendment to the lease states: "*The Guarantor hereby reaffirms his obligations in respect to the terms of the Guaranty dated May 10, 2007, which Guaranty shall remain in full force and effect.*" (Emphasis added.) Rusconi signed the second amendment to the lease as: "Peter A. Rusconi, Guarantor." There are no genuine issues of material fact at issue in the present appeal.

"Appellate review of the trial court's decision to grant summary judgment is plenary." (Internal quotation marks omitted.) *Chelsea Groton Bank* v. *Belltown Sports, LLC*, 199 Conn. App. 294, 299, 236 A.3d 265, cert. denied, 335 Conn. 960, 239 A.3d 318 (2020). An appellate court must decide "whether the legal conclusions reached by the trial court are legally and logically correct and whether they find support in the facts set out in the memorandum of decision of the trial court." (Internal quotation marks omitted.) *Lopes* v. *Farmer*, 286 Conn. 384, 388, 944 A.2d 921 (2008).

After a careful review of the record, as well as the parties' briefs and relevant law, we are convinced that the trial court properly granted Tolland Meetinghouse's motion for summary judgment against Rusconi. In granting the motion for summary judgment, the court issued a well reasoned memorandum of decision. See *Tolland Meetinghouse Commons, LLC* v. *CXF Tolland, LLC*, Superior Court, judicial district of Tolland, Docket No. CV-19-6017308-S (October 27, 2020) (reprinted at 210 Conn. App.    ,    A.3d    ). We therefore adopt that memorandum of decision as a proper statement of the relevant facts, issues, and applicable law, as it would serve no useful purpose for us to repeat the discussion contained therein.[5] See *Citizens Against Overhead Power Line Construction* v. *Connecticut Siting Council*, 311 Conn. 259, 262, 86 A.3d 463 (2014); *Squillante* v. *Capital Region Development Authority*, 208 Conn. App. 676, 682, 266 A.3d 940 (2021).

The judgment is affirmed.

[1] CXF Tolland, LLC, was doing business as Cardio Express.

[2] The court also granted Tolland Meetinghouse's motion for summary judgment against Cardio Express, which did not appeal from the court's judgment.

[3] The premises are located at 200 Merrow Road in Tolland.

[4] The court found that Rusconi's guaranty was limited to Cardio Express' liability under the lease and did not extend to amounts owed by Cardio Express for holding over beyond the term of the lease. The plaintiff does not contest that finding.

[5] We note one discrepancy in the court's memorandum of decision. In

that decision, the court states that Rusconi's alternative construction of the guaranty "would only make him responsible for obligations that had already been satisfied at the time of the second amendment." Rusconi's alternative construction was that he had only guaranteed Cardio Express' obligation in the second amendment to pay *arrearages owed by Cardio Express at the time the second amendment was entered*. This minor discrepancy in the trial court's decision is not material to its analysis or conclusions. Moreover, the trial court properly construed and framed Rusconi's principal and alternative theories elsewhere in the decision.

---