******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

COURTNEY GREEN *v.* BRITTANY B. PAZ ET AL.
(AC 44494)

Moll, Clark and DiPentima, Js.

*Syllabus*

The plaintiff, who was incarcerated following his conviction on the basis of his guilty plea to multiple counts of assault in the first degree, sought damages for alleged legal malpractice by the defendants, two attorneys and their law firm, who had previously represented the plaintiff in a habeas action concerning his criminal conviction. The trial court granted the defendants' motion to dismiss and rendered a judgment of dismissal. On the plaintiff's appeal to this court, *held* that the trial court properly dismissed the plaintiff's legal malpractice action for lack of subject matter jurisdiction because it was not ripe for adjudication; this court, applying the exoneration rule set forth in *Taylor* v. *Wallace* (184 Conn. App. 43), and subsequent cases, which holds that a legal malpractice action is not ripe for adjudication when success in that action would necessarily imply the invalidity of a conviction and the underlying conviction has not been invalidated, concluded that, because the plaintiff had been convicted and that conviction had not been invalidated on direct appeal or through a habeas action, his claim was a collateral attack on his underlying conviction, his claim for legal malpractice was not ripe, and the trial court lacked subject matter jurisdiction.

Argued February 14—officially released March 8, 2022

*Procedural History*

Action to recover damages for legal malpractice, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Abrams, J.*, granted the defendants' motion to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Courtney Green*, self-represented, the appellant (plaintiff).

*Cameron L. Atkinson*, with whom, on the brief, was *Earl A. Voss*, for the appellees (defendants).

*Opinion*

PER CURIAM. The self-represented plaintiff, Courtney Green, appeals from the judgment of the trial court rendered in favor of the defendants, Brittany B. Paz, Norman Pattis, and Pattis Law Firm. The plaintiff claims on appeal that the trial court erred in dismissing his legal malpractice action for lack of subject matter jurisdiction on the basis of the exoneration rule, i.e., that a legal malpractice claim is not ripe for adjudication unless the plaintiff can demonstrate that the relevant underlying conviction has been invalidated. The defendants claim that the plaintiff's action is not ripe for judicial review because his underlying conviction has not been invalidated. For the reasons that follow, we affirm the trial court's judgment.

The plaintiff is currently serving a total effective sentence of twenty years of incarceration in connection with his 2009 judgment of conviction rendered after he pleaded guilty to three counts of assault in the first degree in violation of General Statutes § 53a-59 (a) (5). See *Green* v. *Commissioner of Correction*, 172 Conn. App. 585, 588, 160 A.3d 1068, cert. denied, 326 Conn. 907, 163 A.3d 1206 (2017). In February, 2015, in a separate action, the plaintiff filed what became the operative petition for a writ of habeas corpus, alleging that his criminal defense counsel had rendered ineffective assistance of counsel in failing to provide adequate advice regarding his guilty pleas and that the trial court's failure to inquire whether the plaintiff was under the influence of any medications that might impair his judgment rendered his pleas not knowing and involuntary. Id. The habeas court denied the petition. Id., 590. The plaintiff retained the defendants to represent him in his appeal from the judgment of the habeas court denying his petition (habeas appeal). This court affirmed the judgment of the habeas court. Id., 599.

In March, 2019, the plaintiff commenced the present action, asserting three counts sounding in legal malpractice against the defendants stemming from their representation of the plaintiff in the habeas appeal. On May 20, 2019, the defendants filed a motion to dismiss for lack of subject matter jurisdiction on ripeness grounds pursuant to the exoneration rule. On October 28, 2019, the trial court granted the defendants' motion to dismiss, reasoning that "[t]he 'exoneration rule' recently gained recognition in Connecticut," citing, inter alia, *Taylor* v. *Wallace*, 184 Conn. App. 43, 194 A.3d 343 (2018).[1] Applying the exoneration rule to the plaintiff's claims, the trial court dismissed the action, stating that there was "no evidence before the court that the plaintiff's conviction has been overturned or otherwise invalidated . . . ." This appeal followed.

Contrary to the defendant's position, this court repeatedly has applied the exoneration rule to the ques-

tion of whether a legal malpractice claim is ripe for adjudication and, consequently, whether the trial court has subject matter jurisdiction to entertain it. See *Cooke* v. *Williams*, 206 Conn. App. 151, 156–65, 259 A.3d 1211, cert. denied, 339 Conn. 919, 262 A.3d 136 (2021), petition for cert. filed (U.S. February 8, 2022) (No. 21-7075); *Dressler* v. *Riccio*, 205 Conn. App. 533, 544–54, 259 A.3d 14 (2021); *Taylor* v. *Wallace*, supra, 184 Conn. App. 47–52. In the present case, the application of the exoneration rule to the plaintiff's claims does not warrant expansive discussion, as our adoption of the exoneration rule remains good law, and it is undisputed that the plaintiff's conviction, which the plaintiff's legal malpractice claims collaterally attack, presently remains valid. Thus, applying the holding of *Taylor*, as well as its progeny, we conclude that the trial court properly dismissed the plaintiff's legal malpractice action for lack of subject matter jurisdiction.

The judgment is affirmed.

[1] Although the trial court referred to the exoneration rule as implicating standing, the rule implicates the related justiciability doctrine of ripeness. See, e.g., *Taylor* v. *Wallace*, supra, 184 Conn. App. 51–52.