******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

PRESCOTT, J., concurring. I concur in the result reached by the majority. I agree that this court previously has adopted and applied a version of the exoneration rule in a series of cases; see *Green* v. *Paz*, 211 Conn. App. 152, 155, 271 A.3d 1138 (2022); *Cooke* v. *Williams*, 206 Conn. App. 151, 176, 259 A.3d 1211, cert. denied, 339 Conn. 919, 262 A.3d 136 (2021), cert. denied, U.S. , S. Ct. , L. Ed. 2d (2022); *Dressler* v. *Riccio*, 205 Conn. App. 533, 552, 259 A.3d 14 (2021); *Taylor* v. *Wallace*, 184 Conn. App. 43, 51–52, 194 A.3d 343 (2018); and that, under this court's long-standing policy, this panel is bound by those previous decisions. See *State* v. *Carlos P.*, 171 Conn. App. 530, 545 n.12, 157 A.3d 723, cert. denied, 325 Conn. 912, 158 A.3d 321 (2017). In my view, the majority has properly applied that rule to the particular claims brought by the plaintiff in this case and, thus, I agree that we must affirm in part and reverse in part the judgment of the trial court.

I write separately only to note that the exoneration rule is a jurisprudential, policy based doctrine that at least nine states have chosen not to adopt.[1] See *Mylar* v. *Wilkinson*, 435 So. 2d 1237, 1238–39 (Ala. 1983); *Rantz* v. *Kaufman*, 109 P.3d 132, 136 (Colo. 2005); *Silvers* v. *Brodeur*, 682 N.E.2d 811, 818 (Ind. App.), transfer denied, 690 N.E.2d 1189 (Ind. 1997); *Gebhardt* v. *O'Rourke*, 444 Mich. 535, 554, 510 N.W.2d 900 (1994); *Duncan* v. *Campbell*, 123 N.M. 181, 185–86, 936 P.2d 863 (N.M. App.), cert. denied, 123 N.M. 168, 936 P.2d 337 (1997); *Krahn* v. *Kinney*, 43 Ohio St. 3d 103, 105, 538 N.E.2d 1058 (1989); *Paxman* v. *King*, 448 P.3d 1199, 1202 (Utah 2019); *Thomas* v. *Hillyard*, 445 P.3d 521, 525 (Utah 2019); *Dockter* v. *Lozano*, 472 P.3d 362, 366 (Wyo. 2020); see also *Jepson* v. *Stubbs*, 555 S.W.2d 307, 313 (Mo. 1977) ("[w]e conclude that it was not a condition to maintaining [a plaintiff's legal malpractice] suit [against his criminal defense attorney] that the judgment of conviction be set aside"); cf. *Goodman* v. *Wampler*, 407 S.W.3d 96, 102 (Mo. App. 2013) ("[a]bsent an allegation of actual innocence, [a legal malpractice plaintiff's] petition [brought against her criminal defense attorney] failed to state a claim for legal malpractice"). I also note that the decisions of this court discussing and applying the rule did not engage in a full-throated analysis of the various policy considerations that militate against and in favor of the rule. It is also important to recognize that our Supreme Court has not yet had occasion to decide whether to adopt the exoneration rule.

In my view, I do not believe that the policy considerations that support the rule necessarily justify depriving a criminal defendant access to civil relief unless his or her criminal conviction has first been overturned. In

reaching that conclusion, I find the recent decision of the Wyoming Supreme Court in *Dockter* v. *Lozano*, supra, 472 P.3d 366–67, to contain a particularly helpful discussion of the policy considerations weighing against adoption of the exoneration rule. I hope that our Supreme Court will address in a more comprehensive manner the soundness of the rule when presented with the appropriate case to do so. Accordingly, I concur in the result.

[1] Although courts have described the rule as affecting the justiciability, i.e., the ripeness, of the malpractice action, that reason is self-fulfilling because, in the absence of a jurisdiction's adoption of the exoneration rule, the malpractice action would otherwise be justiciable.